## JOHN STEPHANI *et al.*

### *v.*

## ADELIA M. BROWN.

1. STREETS IN CHICAGO—*under whose control.* By the charter of the city of Chicago, the streets of the city are under the exclusive control of its municipal authorities, and the fee thereof is in the city.

2. NUISANCE—*making a street or sidewalk unsafe—who liable for injuries resulting therefrom.* The public are entitled to the use of a public street, as it was originally made; whoever, without special authority, obstructs it or renders its use hazardous, by doing any thing upon, above or below the surface, is guilty of a nuisance, and, as in all other cases of a public nuisance, individuals sustaining special damages from it, without any want of due care to avoid injury, have a remedy by action against the author or person continuing the nuisance.

3. So, where the owner of premises in the city of Chicago, without authority from the city, elevated a sidewalk adjacent thereto, in which he placed a grating next to the building, which was so defective that a person stepping upon it, fell through into the area below and was injured thereby, it was *held,* the party who thus made the sidewalk less safe than it was before, was guilty of a nuisance, and was liable to the party injured by reason thereof, it not appearing that there was any want of due care on the part of the latter to avoid the injury.

4. Nor is it any defense to an action for such injury, that the sidewalk afforded sufficient room for passing without the use of the defective grating for that purpose, as the party injured had the right to the free use of the entire sidewalk.

5. SAME—*continuing a nuisance—effect of a demise of the premises.* And the party who erects the nuisance is liable for a continuance of it, though he has demised the premises to another. Renting the premises with the original wrong attached to them, his demise affirms the continuance of it; he receives rent as a consideration for the continuance, and should answer for the damages it occasions.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action on the case brought in the court below by Adelia M. Brown, against John Stephani and Jacob Stephani, to recover for injuries alleged to have been received by the plaintiff by falling through a defective grating placed

in the sidewalk by the defendants, adjacent to their premises in the city of Chicago.

It appears that the defendants, without authority from the city, raised the sidewalk several feet above the surface of the street, and excavated under it, and placed in the sidewalk a wooden grating, in front of the window in the building adjoining, to give light and air to the area below. Afterward, the defendants, being the owners of the premises, leased them to a third party, and while the tenant was in possession, the plaintiff, in passing along the sidewalk, stepped upon the grating, which, being defective, gave way, and she was precipitated into the vault below, and was injured thereby.

The plaintiff recovered a verdict for $3,500, and, a new trial being refused, judgment was entered accordingly. The defendants bring the cause to this court by appeal.

Mr. E. F. Runyon and Messrs. Hervey, Anthony & Galt, for the appellants :

The defendants not being in possession of the premises at the time of the accident, but the same being in the possession, occupancy and control of their tenant, who had occupied the premises for a long time prior to the accident, are not liable for the injuries which the plaintiff received. *Scammon* v. *City of Chicago*, 25 Ill. 424.

In the case of *Fish* v. *Dodge*, 4 Denio, 318, the court said, in speaking of the liability of a landlord for injuries arising on his premises while in the possession of a tenant: "He cannot be justly charged with the wrong which was actually committed by others, who were not in his employment, unless he knew, or had reason to believe, that he was letting the property for a use which must prove injurious to the plaintiff."

See also last part of the opinion of the court in case of *Pickard* v. *Collins*, 23 Barb. 460, 461. Also *Lowell* v. *Spaulding*, 4 Cush. 277.

Same *principle* in following cases : *Hilliard* v. *Richardson*, 3 Gray (Mass.) 349 ; *Linton* v. *Smith et al.*, 8 Gray, 147 ; *Clark*

·v. *Fry*, 8 Ohio St. 358; *Boswell et al.* v. *Laird et al.*, 8 Cal. 469; *Barry* v. *City of St. Louis*, 17 Mo. 121; *Morgan* v. *Bowman*, 22 id. 538; *Pawlet* v. *R. & B. R. R. Co.*, 28 Ver. 301; *Blake* v. *Ferris*, 1 Seld. (N. Y.) 48; *McCleney* v. *Kent et al.*, 3 Duer, 27; *Bingers* v. *Gray*, 50 Eng. Com. Law, 589; *Allen* v. *Hayward*, 53 id. 974; *Reedie* v. *The Railway Co.*, etc., 4 Exch. 243, 255; *Knight* v. *Fox*, 5 id. 725; *Overton* v. *Freeman*, 8 Law and Equity, 480; *Peachy* v. *Rowland*, 16 id. 444.

Messrs. McALLISTER, JEWETT & JACKSON, for the appellee.

The defendants below having interfered with a public high-way without authority, and in a manner which detracted from the safety of travelers, were guilty of an unlawful act, and became the authors of a public nuisance, and are liable in an action at the suit of any person receiving special damage on account of such nuisance, without regard to the question of negligence. *Dygert* v. *Schenck*, 23 Wend. 446; *Hart* v. *Mayor, etc., of Albany*, 9 id. 607, and cases there cited; *Harlow* v. *Humiston*, 6 Cow. 191; *Lansing* v. *Smith*, 8 id. 152; *Cosgrove* v. *Smith*, 18 N. Y. 79, 84; *Creed* v. *Hartman*, 29 id. 591; *Davenport* v. *Ruckman*, 10 Bosw. 20; *Coupland* v. *Hardingham*, 3 Camp. 298; *Scammon* v. *Chicago*, 25 Ill. 438.

The fact, that the defendants had demised the premises before the accident, does not impair the plaintiff's right of action against them. Being the original authors of the nuisance, their demise of the premises whereon the nuisance exists, renders them, in law, guilty of continuing the nuisance. *Roswell* v. *Prior*, 2 Salk. 460; *Waggener* v. *Jermaine*, 3 Denio, 306; *Davenport* v. *Ruckman*, 10 Bosw. 37.

It is claimed that the case of *Scammon et al.* v. *The City of Chicago*, 25 Ill. 424, was an authority for appellants' position. We do not understand that case as sustaining any such position, as that the fact of the possession of the premises being in the contractors would have exempted the owners of the building from liability, if the use of the streets had been wrongful. Mr. Justice WALKER, in giving the opinion of the court, says:

"The contractors did not pretend to derive any power from appellants to place materials in the street, but, on the contrary, applied to and *obtained permission from the city.* We are, for these reasons, of the opinion that the true rule in cases of this character is, if the nuisance *necessarily occurs, in the ordinary mode of doing the work, the occupant or owner is liable;* but if it is from the negligence of the contractor or his servants, that he alone should be responsible."

If the question of the original wrongful creation of the nuisance by appellants were out of the case, and the premises, sidewalk and opening therein, which were appurtenant to the premises, had got out of repair, and thus become dangerous while the tenant was in the occupation of them, then the doctrine of the counsel might apply. *Payne* v. *Rogers*, 2 H. Blackstone, 349. In *Cheatham* v. *Hampson*, 4 Term, 320, BULLER, J., says: "With respect to the case of *Roswell* v. *Prior*, which is the only case cited of an action of a similar nature maintained against the owner out of possession, it is very distinguishable from the present; for there the owner let the premises with the nuisance complained of, which had before been erected upon them. That, therefore, was a misfeasance of which he himself had been guilty; and, say the court, his demise affirmed the continuance of the nuisance, and therefore might be said to be a continuation of it by himself."

Mr. JUSTICE BREESE delivered the opinion of the Court:

Several points have been made by appellants on this record, and numerous authorities cited, all of which we have examined, and have carefully looked into, and considered all the testimony in the cause, and have come to the conclusion, that the controversy turns upon the unauthorized act of the defendants in raising the sidewalk (so that they might obtain space below it for the use of their premises).

By the charter of the city of Chicago, the streets of the city are under the exclusive control of its municipal authorities, and they are the property of the city, that is to say, the fee thereof is in the city. *Leech* v. *Waugh*, 24 Ill. 229.

This sidewalk was elevated above the surface of the street several feet, with steps to go down; it was about fifteen feet wide, and a grating was put in in front of the window of the building to give light and air to the area below, and all done by the appellants, the owners of the premises. After the accident, one of the appellants closed up the space, covered by the grate, with boards. This opening or space was about three and one-half feet long, and two and one-half feet wide, and the grate was made of slats, two inches by four, resting, in part, on a joist fastened to the wall of the building.

In the second count of the declaration, appellants are charged with having wrongfully and unlawfully elevated this sidewalk to a great distance above the surface of the street, and with having wrongfully and unlawfully left this opening in it, and placed in it this defective wooden grate for the benefit of the premises. The injury to the plaintiff was caused by falling through this opening, the grate being defective.

The gist of the action consists in elevating the sidewalk and making the excavation under it, and leaving this opening in it covered by this defective grate, without the authority of the city. Without any right so to do, appellants appropriated to their own use a portion of the street, and elevated the sidewalk above its natural surface, and on every principle of law, recognized by courts of justice, they must be held responsible for all the consequences resulting from their act, if not caused by the negligence of the party complaining.

In the case of *Cosgrove* v. *Smith*, 18 N. Y. 80, which was in its main features quite similar to this, the court said, it is just that persons who, without special authority, make or continue a covered excavation in a public street or highway, for a private purpose, should be responsible for all injuries to individuals resulting from the street or highway being less safe for its appropriate use, there being no negligence by the party injured. The public were entitled to the use of this street, as it was originally made, and whoever, without special authority, obstructs it, or renders its use hazardous, by doing any thing upon, above or below the surface, is guilty of a nuisance, and,

as in all other cases of a public nuisance, individuals sustaining special damage from it, without any want of due care to avoid injury, have a remedy by action against the author or person continuing the nuisance. It is as much a wrong to impair the safety of a street, by undermining it, as by placing objects upon it.

It· is shown in this case that appellants were not only the authors of, but they continued the nuisance, and it is not shown that appellee, in the use of the sidewalk, did not exercise proper care. The act of injuring this easement, being illegal, appellants must be answerable. They were bound, at their peril, to make and to keep the street as safe, at all times, as it would have been if the elevation had not been made, and the grating put in, and they were bound to see that the grating, made of wood as it was, had not become decayed and rotten, and unsafe to the passers-by. Other cases are cited by appellee's counsel to the same effect. *Dygert* v. *Schenck*, 23 Wend. 446; *Hart* v. *Mayor of Albany*, 9 id. 607; *Harlow* v. *Humiston*, 6 Cow. 191; *Lansing* v. *Smith*, 8 id. 152; *Creed* v. *Hartman*, 29 N. Y. 591; *Scammon* v. *Chicago*, 25 Ill. 438.

The principal ground of defense relied on by appellants is, that they were not in possession of the premises at the time of the accident, but they were leased to one Schonthaler, who then was the actual occupant, and therefore they were not responsible. The proof shows that appellants built the sidewalk as it was at the time of the accident; they were, therefore, the authors of the nuisance, and, leasing the premises to another, being such authors, they are in law guilty of continuing the nuisance. *Waggoner* v. *Jermaine*, 3 Denio, 306.

We have examined all the authorities cited by appellants in support of their position, but do not consider them as of this class of cases. The most of them brought up the doctrine of *respondeat superior*, and have no application. In one of the cases cited by appellants, *Fish* v. *Dodge*, 4 Denio, 311, it was held if a person erects a nuisance on land, he is liable for a continuance of it, though he has demised the premises to another. The case of *The City of Lowell* v. *Spaulding*, 4 Cush-

ing, 277, would seem to have some bearing in support of appellants. It is to this effect: when a town was compelled to pay damages for an injury resulting from a defect in a highway, caused by the want of repair of a cellar-way constructed in the sidewalk and leading to a building adjoining it, which was in the occupation of a tenant, it was held, that the occupant, and not the owner, was liable to the town for such damages. In this case, no unlawful act was shown against the owner in constructing the cellar-way in the sidewalk. It was not a nuisance. No erection of a nuisance was charged or proved, and the case turned upon the question, who was liable to keep the cellar-way in repair; that, by the common law, the occupier, and not the landlord, is bound as between himself and the public, so far to keep buildings in repair that they may be safe for the public, and such occupier is *prima facie* liable to third persons for damages arising from any defect, citing *Requia* v. *Watts,* 5 Salk. 357; *Cheatham* v. *Hampson,* 4 Term, 318. These cases are not like this. An original wrongful act was not in that case. If it was out of this case, and the premises and sidewalk had got out of repair while occupied by a tenant, then the doctrine of the common law might apply. There was no nuisance on these premises, but a neglect in keeping the cellar-way in repair. In *Cheatham* v. *Hampson,* 4 Term, 318, cited by the Massachusetts court, BULLER, J., said: "With respect to the case of *Roswell* v. *Prior,* which is the only case cited of an action of a similar nature maintained against the owner out of possession, it is very distinguishable from the present; for there the owner let the premises with the nuisance complained of, which had before been erected upon them. That, therefore, was a misfeasance of which he himself had been guilty; and, say the court, his demise affirmed the continuance of the nuisance, and therefore might be said to be a continuation of it by himself."

This case of *Roswell* v. *Prior* is reported in 2 Salk. 459, and was an action on the case for obstructing the plaintiff's ancient rights. There had been a former recovery for this erection, and this action was for the continuance, and the case

was, a tenant for years erected a nuisance, and afterward made an under lease to another party. The question was, whether, after a recovery against the first tenant for years, for the erection, an action would lie against him for the continuance after he had made an under lease; and the court held it did lie, for he transferred the premises with the original wrong, and his demise affirms the continuance of it, and he has also rent as a consideration for the continuance, and therefore ought to answer the damage it occasions. The receipt of rent is upholding. The action lies against either, at the party's election.

We look upon this case, as in principle, in close kindred with the one before us. Here appellants rented the premises with their original wrong attached to them, and their demise affirms the continuance of it, and they receive rent as a consideration for the continuance, and in justice should answer for the damage it occasions.

We have said we have examined the authorities cited by appellants in support of this point, and have noticed two of them, one in 4 Denio, and the other in 4 Cush. The case in 3 Gray, 349, was, where the owner of land employed a carpenter, for a specific sum, to alter and repair a building upon it, and to furnish all the materials for the purpose, that the owner was not liable for damages resulting to a third person, from boards deposited in the highway, in front of the land by a teamster employed by the carpenter, and intended to be used in the alterations and repairs. The case in 8 Gray, 147, decides that the owners of a vessel are not liable for damages occasioned by the negligence of stevedores employed for a gross sum by the consignees of the charterers of the vessel, in unloading the cargo, and the case in 3 Gray, *ante*, is relied on. The case of *Clark* v. *Fry*, 8 Ohio St. 359, favors the view we have taken of the case before us. There it was held, that, where the owner of real estate willfully suffers a nuisance to be erected, or to be continued by another, on or adjacent to his premises, in the promotion of a business for his benefit, when he has the power to prevent or abate the nuisance, he would

be liable for any injury resulting therefrom to a third person. The rest of the case is in accordance with the views of this court, announced in the case of *Scammon* v. *The City of Chicago*, 25 Ill. 424, as to the liability of the owner of premises, who had employed skillful contractors to erect a building upon them.

The case in 8 Cal. 469, is like the above cited cases. *Barry* v. *The City of St. Louis*, 17 Mo. 121, decides that a municipal corporation is not liable for damages occasioned by the negligence of contractors. The relation of master and servant does not exist. The case in 22 Mo. 538, is of the same character, and so, in short, are all the cases cited by appellants, English and American, no one of which, in our opinion, meets the principles which govern this case.

As to the instructions refused by the court on behalf of appellants, they are the fifth and eighth; complaint is made of the modification of the sixth instruction. The fifth instruction is as follows:

" The court further instructs the jury, that if they believe, from the evidence, that there was a good platform leading from the door of the building occupied by the plaintiff to the sidewalk, and that the sidewalk was in good condition, and from the sidewalk to the butcher shop where plaintiff was going, there was a good platform on which the plaintiff might have entered the shop; and that by using ordinary care the plaintiff might have gone from one place to the other, at the time of the accident, without injury, they will find for the defendants."

This instruction is erroneous in this, that it would confine the plaintiff to a particular portion of the sidewalk, when she was entitled to the free use of the entire sidewalk.

The eighth is as follows:

" The court further instructs the jury, that under the ordinances of the city of Chicago, persons owning or occupying buildings adjoining streets, have a right to use three feet next to and adjoining said building, for the purpose of showing or

displaying goods; and said parties may use said sidewalk for the purpose of obtaining light to the basement, so long as they take all the precautions that a prudent man would use to make the same substantial; and if the jury find, from the evidence, that this grating was substantially made, and securely fastened to the building, or otherwise, they will find for the defendants."

This instruction was not germane to the case made by the pleadings and proof. The question was, the unlawful elevation of the sidewalk without the sanction of the city, and covering a large opening in it with a defective wooden grating, and it was properly refused.

The sixth instruction, as first offered, was in these words:

" The court further instructs the jury, that if they believe, from the evidence, that the defendants had done all that any reasonable man would do in fastening said grating, and that it was not the fault of the defendants that caused the injury to the plaintiff, they will find for the defendants."

This was modified by inserting after the word " defendants," last used, these words, " either by impairing the safety of the sidewalk in its original construction, if constructed by defendants, or by continuing it in an unsafe condition," that caused, etc.

We see no objection to this modification; it left the question of negligence by appellants for the jury. The counsel for appellants have not pointed out in their brief any special objections to these several rulings of the court, and we being unable to perceive any, must hold them proper in the case.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*