## ASAHEL GRIDLEY

*v.*

## THE CITY OF BLOOMINGTON.

1. PLEADING AND EVIDENCE—*when unnecessary particularity must be proved.* Where it is sought to charge a defendant with liability for injuries received, through a want of keeping in proper repair a covering of a vault in the sidewalk of a public street, the declaration must state the nature of the defendant's liability, and it must be proved as laid. Although this may be done by a general mode of allegation, yet if, instead of doing so, the plaintiff states the ground of the defendant's liability with unnecessary particularity, he must prove it as laid.

2. Thus, when the declaration alleges, as the basis of the defendant's liability, that he was the *owner* and *occupier* of the premises which were out of repair, and in consequence of which the injury occurred, no recovery can be had upon proof that the premises were occupied by his tenant, even though it was the defendant's duty, as landlord, to make the proper repairs.

3. STREETS AND SIDEWALK—*authority to construct vault under sidewalk presumed from acquiescence.* Where the corporate authorities of a city have knowledge of the fact that a lot owner is constructing a vault under the sidewalk for his own convenience, and make no objection, authority to construct the same may be inferred; and when the same is continued for many years without objection, the acquiescence on the part of the city will be regarded as sufficient authority to construct and maintain it in a careful and prudent manner.

4. NUISANCE—*liability for injury caused by, in sidewalk.* Where the owner or occupant of premises creates a nuisance in the sidewalk adjoining the same, without the authority of the municipal authorities, either express or implied, and the city is compelled to pay damages to a person for a personal injury caused by the same, the author of such nuisance will be responsible to the city for the damages so paid by it.

5. NEGLIGENCE—*in keeping premises in repair—whether tenant or landlord is liable.* The general rule is, that the occupant, and not the owner, as such, is responsible for injuries received in consequence of a failure to keep the premises occupied in repair. The landlord, however, is liable where he has expressly agreed to keep the premises in repair, and where the premises are let with a nuisance upon them.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action on the case, brought by the city of Bloomington, against Asahel Gridley. The city recovered a judgment for $346, from which the defendant appealed.

Mr. HAMILTON SPENCER, and Messrs. WELDON & BENJAMIN, for the appellant.

Mr. IRA J. BLOOMFIELD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Judgment having been recovered against appellee for injuries received by a party in consequence of the defective covering over a vault which was constructed under a sidewalk for the convenience of premises owned by appellant, this suit was brought to recover the amount that appellee was thus compelled to pay, appellant having been duly notified, but having neglected to defend the suit.

The declaration contains three counts. It is alleged in the first that the defendant was the *owner and occupier* of the premises, etc.; that there was a certain hole or opening into a cellar or vault, of and belonging to the said premises, which said hole or opening into said cellar or vault was caused by defendant negligently, carelessly and wilfully breaking the flag stone wherewith said cellar or vault was covered, etc.; and that the defendant, well knowing of said hole or opening, and while he was so the *proprietor, owner and occupier* of the said premises, with the appurtenances, wrongfully, carelessly and negligently permitted the same to be and continue, etc.

In the second count, it is alleged that the defendant was *possessor, owner and occupier* of the premises; that, while the defendant was *owner and occupier* of the premises, he wrongfully dug a hole or vault, etc., and so badly, carelessly, insufficiently and dangerously covered said hole or vault, and carelessly and wrongfully continued the same, and while the *owner and occupier* of the premises, etc.

And in the third count, it is alleged that the defendant was the *owner and occupier* of the premises, etc., abutting on a certain common public highway and sidewalk there, which said sidewalk, abutting on said premises, said defendant was legally bound to keep in repair, in which said sidewalk there was a certain hole or opening; that the defendant, well knowing the premises while he was so the *owner and occupier* of said premises, real estate and appurtenances, and while there was such hole, etc., wrongfully, negligently and carelessly permitted the said hole to be and continue, etc.

It is a rule of pleading, applicable to cases like the present, that the plaintiff must, in his declaration, state the nature of the defendant's liability, and he must prove it as laid. 1 Chitty's Pleading, 417. And, although this may be done by a general mode of allegation, yet if, instead of doing so, the plaintiff states the ground of the defendant's liability with unnecessary particularity, he must prove it as laid. 1 Chitty's Pleadings, 265; Stephens on Pleading, 85; 1 Greenleaf's Evidence, sec. 65; 1 Starkie's Evidence, 377.

Is the ground of the defendant's liability here proved as laid?

It is insisted by the counsel for appellee, that the vault, through the defective covering over which the alleged injury was received, was constructed without special authority, for a private purpose, by the grantor of appellant, and that appellant has continued it, and is therefore responsible.

It is shown by the evidence that the vault was constructed by the grantor of appellant many years prior to the time the injury complained of was received, for the convenience of the adjacent building which was erected at the same time, and that it has since been used in connection with it by those occupying the building. It does not appear that the vault was not constructed with due care, or that, prior to this cause of action, the public was in any way incommoded by its construction or the state of repair in which it was kept. It seems

4—68TH ILL.

to have been properly constructed, and, when completed, securely covered with a sound flag-stone six inches thick, of the kind known as "Joliet stone." This, in the absence of evidence to the contrary, would appear to be sufficient for the legitimate and appropriate uses of a sidewalk. Although no license from the city to make the vault is shown, on the other hand no objection by the city is shown, either to the making of the vault, the mode of its construction, or the state of repair in which it has been kept; and, situated as it is, under the sidewalk of a public street, and for so great a length of time, we can not presume that those having charge of the streets, under the authority of the city, were ignorant of its existence, or of the respective rights and duties of the city and the owner of the property in relation to it. We regard this acquiescence as a sufficient recognition by the city of authority to construct and maintain the vault in a prudent and careful manner.

In *Nelson* v. *Godfrey*, 12 Ill. 20, suit was brought to recover damages resulting to the plaintiff by reason of an excavation for a coal cellar, made by defendant in the sidewalk in front of his premises on State street, in the city of Alton, through which the water from the gutter of the street passed into the defendant's cellar, and thence through several other cellars into that of the plaintiff. CATON, J., in delivering the opinion of the court, said : "We are not prepared to admit that the defendant could, by reason of his ownership of the adjoining property, claim the absolute right to take up the sidewalk and extend his coal cellar under it; but as such a privilege is of great convenience in a city, and may, with proper care, be exercised with little or no inconvenience to the public, we think that the authority to make such cellars may be inferred in the absence of any action of the corporate authority to the contrary, they having been aware of the progress of the work." To the same effect is, also, Dillon on Municipal Corporations, sec. 554 ; *Fisher* v. *Thirkell*, 21 Mich. 1.

*Stephani* v. *Brown*, 40 Ill. 428, cited in the brief for appellee, is not in conflict with these authorities. In that case, the act done was without municipal authority, express or implied. A nuisance was created and continued by the defendant, and he was properly held responsible for it.

It is clearly shown by the evidence in the record·that the injury complained of was received in consequence of the flagstone over the vault having been broken, and a defective covering substituted in its place ; that this all occurred at a time when the premises were not occupied by appellant, but when they were occupied by a tenant, one Sabin, and that the flagstone was broken through the gross carelessness of this tenant or that of his employees, in unloading a barrel of vinegar upon it from a dray.

The general rule is, that the occupant, and not the owner, as such, is responsible for injuries received in consequence of a failure to keep the premises occupied in repair. *Chicago* v. *O'Brennan*, 65 Ill. 160; *Cheetham* v. *Hampson*, 4 Durn. & East, 318 ; *City of Lowell* v. *Spaulding*, 4 Cush. 277 ; *Fisher* v. *Thirkell, supra ;* 1 Chitty's Pleadings, 95 ; Taylor on Landlord and Tenant, sec. IV, § 192; 2 Robinson's Practice, 676, 4 ; Shearman & Redfield on Negligence, 2d Ed. § 56. To this general rule, the authorities recognize these exceptions : 1. Where the landlord has, by an express agreement between the tenant and himself, agreed to keep the premises in repair so that, in case of a recovery against the tenant, he would have his remedy over ; then, to avoid circuity of action, the party injured by the defect and want of repair may have his action in the first instance against the landlord, but such express agreement must be distinctly proved. See *City of Lowell* v. *Spaulding, Fisher*·v. *Thirkell, Cheetham* v. *Hampson, supra.* 2. Where the premises are let with a nuisance upon them, by means of which the injury complained of is received. See *Stephani* v. *Brown, supra.*

We have already shown that this case is not, in our opinion, within the second exception stated, and it now only

remains to determine whether it is within the first. The counsel for appellee claims that it is, and the special verdict finds that appellant agreed to repair.

We are compelled to adopt a different conclusion.

As has been shown, each count of the declaration alleges, as the basis of appellant's liability, that he is *owner* and *occupier* of the premises, and this must be proved as it is alleged. A more general and comprehensive allegation of appellant's liability might, undoubtedly, have been used, under which almost any character of proof showing his legal liability would have been admissible; but it was not done, and we must pass upon the case as it is. It surely can not require argument to prove that evidence of an express agreement to repair does not prove occupancy, nor that evidence of occupancy does not prove an express agreement to repair. True, the legal duty resulting may be the same, but the facts from which the legal duty results are as dissimilar as trespass and contract. Evidence of one does not prove the other.

Nor are we satisfied that the evidence shows an express agreement upon the part of the appellant to repair. The only evidence upon the subject in the record, is this:

Appellant says: "I repair any of the buildings I own, without knowing about this particular one." This can not well be construed into an express agreement. It shows a habit, but nothing more. Sabin says: "I had no bargain with Gridley about taking possession until after I had done so ; all I had to do was to pay him the rent." What was agreed between Gridley and himself, does not appear. Could it be pretended that, if a recovery was had against Sabin for this injury, he could recover the amount back from appellant on such evidence as this, especially if coupled with the proof in the record that the prime cause of the injury, the breaking of the flag-stone, was caused by his gross carelessness, or that of those acting for him? We think not; yet, the theory of the right to recover against appellant on his agreement to

repair. is to avoid circuity of action—suing the tenant, and he then suing the landlord.

The objection urged to the refusal of the instruction asked by appellant, we do not think well taken.

Although the city is primarily liable for the damages sustained, we have no doubt of its right to recover back the amount from the person whose duty it was to keep the premises in repair.

For the reasons given, we think the circuit court erred in overruling appellant's motion for a new trial. The judgment of the circuit court is therefore reversed, and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott took no part in this decision.