The West Chicago Masonic Association

*v.*

Charles Cohn.

*Opinion filed October 24, 1901.*

1. Negligence—*duty of owner of premises where excavation has been made under sidewalk.* The owner of premises who, by authority from the city, constructs a vault and coal-hole under a sidewalk, is liable only in the event he fails to use ordinary care in constructing the vault and coal-hole and keeping it in such repair as to be as safe for the use of the public as any other part of the sidewalk.

2. Landlord and Tenant—*liability for failure to keep leased premises in repair.* If a vault and coal-hole constructed under a sidewalk by the owner of a building, with the consent of the city, is connected with and used only for a portion of the building in the exclusive possession of a tenant who has covenanted to make repairs, and the coal-hole and covering were in good condition when the landlord delivered possession, the tenant, and not the landlord, is responsible for injuries occasioned by failure to keep the covering of the coal-hole in repair.

*West Chicago Masonic Ass. v. Cohn,* 94 Ill. App. 333, reversed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. Dunne, Judge, presiding.

Francis W. Walker, and Kenner S. Boreman, for appellant:

It is the general doctrine that the municipality has the power to license such a use of the public highway as is consistent with the public objects for which they may be held. The city, under its general powers, may grant permits for and regulate the building of vaults under streets, alleys and sidewalks. *Chicago Gas Light Co.* v. *Lake,* 130 Ill. 42; *Gregsten* v. *Chicago,* 145 id. 451; *Nelson* v. *Godfrey,* 12 id. 20; *Railway Co.* v. *People,* 91 id. 251; *Babbage* v. *Powers,* 130 N. Y. 281; *Quincy* v. *Bull,* 106 Ill. 337; *Murphy* v. *Chicago,* 29 id. 279.

The effect of a license or permit from the municipality to maintain a vault underneath the public sidewalk, and a coal or scuttle-hole opening thereinto, is to modify the owner's liability for injuries to strangers from that of an insurer to one depending upon the degree of care used in the construction of the premises or in their maintenance while in his possession. *Babbage* v. *Powers*, 130 N. Y. 281; *Wolff* v. *Kilpatrick*, 101 id. 146.

It is the duty of the tenant or person in occupation, possession and control of a tenement to maintain it in a safe and secure condition; and the landlord or owner is not liable for injuries sustained by third persons by reason of such defective or dangerous condition, unless (*a*) the landlord covenanted to make repairs or maintain the premises in a safe condition; or (*b*) the defective or dangerous condition by which the injury is occasioned existed at the time of the demise; or (*c*) the premises in their original construction constituted a nuisance. *Platt* v. *Farney*, 16 Ill. App. 216; *Scammon* v. *Chicago*, 25 Ill. 361; *Gridley* v. *Bloomington*, 68 id. 47; *Peoria* v. *Simpson*, 110 id. 294; *Union Brass Co.* v. *Lindsey*, 10 Ill. App. 583; *Fisher* v. *Thirkell*, 21 Mich. 1; *Lowell* v. *Spaulding*, 4 Cush. 277; *Bears* v. *Ambler*, 9 Pa. St. 193; *Harris* v. *Cohn*, 50 Mich. 324.

The landlord is not responsible for the misconduct or neglect of his tenants, even though occasioned by the manner in which the premises were constructed, provided they were capable of being used in a proper manner, whereby no injury could have resulted. *Mellen* v. *Merrill*, 126 Mass. 545; *Leonard* v. *Storrer*, 115 id. 86; *Commonwealth* v. *Watson*, 97 id. 562; *Stewart* v. *Putnam*, 127 id. 403; *Wolff* v. *Kilpatrick*, 101 N. Y. 146; *Saltenstall* v. *Banker*, 8 Gray, 195.

An excavation underneath the sidewalk in a city, and a scuttle-hole opening thereinto, if properly constructed in the first instance, do not constitute a nuisance *per se;* nor is the owner or landlord absolutely liable at all times for any injury occasioned by reason of the existence of any such coal or scuttle-hole, or the excavation under-

neath. *Gridley* v. *Bloomington*, 68 Ill. 47; *Peoria* v. *Simpson*, 110 id. 294; *Fisher* v. *Thirkell*, 21 Mich. 1; *Bears* v. *Ambler*, 9 Pa. St. 193; *Boston* v. *Gray*, 144 Mass. 53; *Union Brass Co.* v. *Lindsey*, 10 Ill. App. 583; *Adams* v. *Fletcher*, 17 R. I. 137.

A landlord or owner who demises a store or basement to a tenant who has the exclusive possession and control thereof is not liable to third persons for injuries occasioned through the defective condition of the premises, where the only ground on which he is sought to be held is that he himself is in possession of other portions of the same building, though not of the portion wherein the injury occurred. *Boston* v. *Gray*, 144 Mass. 53; *Commonwealth* v. *Watson*, 97 id. 562; *Stewart* v. *Putnam*, 127 id. 403; *Schroeck* v. *Reiss*, 61 N. Y. Sup. 1054; *Jones* v. *Millsaps*, 71 Miss. 10.

SMITH, HELMER, MOULTON & PRICE, for appellee:

The owner of premises abutting on a public way owes a duty to the public to use due care and diligence that any interference of his with the sidewalk shall not result in injury to the public. *Nelson* v. *Godfrey*, 12 Ill. 20; *Irvin* v. *Fowler*, 5 Robertson, 482; *Chicago* v. *Robbins*, 2 Black, 419; *Whalen* v. *Gloucester*, 4 Hun, 22.

This duty continues as long as the owner is benefited by the easement in the public property, whether he is in actual possession or not. *Irvin* v. *Fowler*, 5 Robertson, 482; *Whalen* v. *Gloucester*, 4 Hun, 22.

The leasing of only a portion of the premises, the remainder being retained in the possession of the landlord or leased to other tenants, does not relieve the landlord from the obligation of using due diligence to keep the sidewalk in repair. *Trustees* v. *Foster*, 156 N.Y. 354; *Payne* v. *Irvin*, 144 Ill. 482; *Bissell* v. *Lloyd*, 100 id. 216; *Booth* v. *Gaither*, 58 Ill. App. 263; *Kamerer* v. *Gallagher*, 58 id. 561; *Trower* v. *Wehner*, 75 id. 655; *Wilcox* v. *Zane*, 45 N. E. Rep. 932; *Priest* v. *Nicholls*, 116 Mass. 407; *Kirby* v. *Boylston Market Ass.* 14 Gray, 249.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the First District affirming a judgment in the sum of $1000, entered in the circuit court of Cook county in favor of appellee and against the appellant company.

The declaration was in case, and as finally amended contained but a single count. The substance of the allegations of this count was, the appellant company was the owner of a certain building and premises and appurtenances in Cook county, abutting on Randolph street, in Chicago, and was then and there receiving rents, issues and profits from the said building and premises, and that in said street, before and on the day aforesaid, there was a certain hole opening into a certain cellar and vault connected with the said building and premises of the defendant, which said cellar and vault, by consent of the said city of Chicago, extended into and under the said public highway, and was connected with and appurtenant to a certain portion of said building and premises occupied by a tenant of the said defendant, from whom the defendant was then and there receiving rent therefor, yet the defendant, well knowing the matters aforesaid, while it was so the owner of the said building and premises, with the appurtenances, and was so receiving the rents, issues and profits thereof, as aforesaid, and while there was such a hole, as aforesaid, there wrongfully and unjustly permitted the said hole to be and continue, and the same was then and there so badly, insufficiently and defectively covered, that by means of the premises and for want of a sufficient covering on said hole, the plaintiff, who was then and there passing in and along the said highway, then and there necessarily and unavoidably slipped and fell into said hole, and thereby the right leg of the plaintiff was injured at the knee, and the right knee of the plaintiff was badly bruised, torn and injured, etc. The cause was submitted to a jury

for decision, and judgment was rendered against the appellant company, as before stated.

It appeared the appellee, Cohn, on the 12th day of November, 1895, stepped or fell into a coal-hole in the sidewalk in front of No. 200 West Randolph street, in the city of Chicago, and thereby received the injuries for which the action was brought. The appellant company was then, and had for many years before that been, the owner of the four-story and basement building at the corner of Halsted and West Randolph streets, known as Nos. 200, 202 and 204 West Randolph street. The coal-hole in the sidewalk into which the appellee fell opened into a vault under the walk, which was connected with and constituted an appurtenance to the basement of No. 200 of said building. This basement, and the appurtenance thereto, (the vault under the sidewalk into which the coal-hole opened,) was then in the possession of one Henry Wilker, as tenant of the appellant company. Said Wilker had occupied the basement proper as a saloon, and used the vault under the walk for water-closets and to receive and store coal, for about six years. There was evidence tending to show that neither the appellant company nor any of its tenants in the building other than Wilker had access to said vault containing said water-closets and coal bin, but said Wilker had entire control thereof, the only entrance thereto being from the saloon occupied by him, and that the vault was not appurtenant to any other part of the building.

The first lease to Wilker bore date May 1, 1889, and ran for three years,—to April 30, 1892. The second lease ran from May 1, 1892, to April 30, 1894,—two years. The third lease ran from May 1, 1894, to April 30, 1896. The leases contained covenants to the effect the lessee had received said demised premises in good order and condition, and at the expiration of the time in the leases mentioned, or a sooner determination thereof by forfeiture, he would yield up the said premises to the lessor in as

good a condition as when the same were entered upon by the lessee, loss by fire or inevitable accident or ordinary wear excepted, "and also will keep said premises in good repair during this lease, at his own expense," and keep said premises in a clean and wholesome condition, in accordance with the ordinances of the city and directions of the health officers. He further agreed that all plumbing, water-pipes, gas-pipes and sewerage should be at the risk of the lessee; that he would make all repairs required to the walls, ceiling, paint, plastering, plumbing work, paper and fixtures belonging to said apartments or used in connection therewith, whenever damage or injury to the same shall have resulted from mis-use or neglect. It was during the period of the latter lease that the appellee slipped, stepped or fell into the coal-hole.

The evidence tended to show that under such lease said Wilker then had exclusive control of the basement and vault in question under the sidewalk into which the coal-hole opened, and that the appellant company provided a janitor for the building but did not occupy any of the rooms or offices in the building, except that the janitor used one room as his office; that he had no duties in connection with the saloon in the basement or with the vault under the sidewalk. There was no proof tending to show the injury was occasioned by any defect in the original construction of the coal-hole or of the cover thereto. It was clearly made to appear that, as between the appellant company and said Wilker, the duty of exercising care to the end the covering of the coal-hole should be kept safe rested on Wilker.

The court, on its own motion, instructed the jury as follows:

"The court instructs the jury that public property cannot be taken or used without compensation, for private use, with or without the consent of the public corporate authorities owning the same, without subjecting the private person or corporation using the same to a

duty to use it in such manner as will not entail injury to or upon a citizen rightfully entering upon same, and using reasonable and ordinary care in so doing; and this duty the person or private corporation using such property cannot, as a matter of public policy, escape by leasing the same for compensation to a tenant."

This instruction is erroneous in at least two respects:

*First*—Municipal authorities hold the streets of a city in trust for the use of the public, and cannot divert a street, or any portion thereof, to any purpose inconsistent with the full and free right of the public to use the same. But the city of Chicago had ample power to authorize the construction of the vault in question under the sidewalk, and the coal-hole in the walk to connect with the vault thereunder, provided the paramount right of the public to the full, free and safe use of the street, in all of its parts, was not thereby infringed. (*Gridley* v. *City of Bloomington*, 68 Ill. 47; *Gregsten* v. *City of Chicago*, 145 id. 451.) The declaration averred the city authorized the construction of the vault and coal-hole here in question. When an abutting owner or other person makes an excavation in or under the sidewalk of a street without license from the municipal authorities he is a trespasser and the excavation a nuisance, and he becomes liable to any one who may be injured thereby without contributory negligence on the part of such injured person. If, however, such abutting property owner, or other person so making the excavation in or under the sidewalk of a public street, has authority or license from the proper city authorities so to do, and the work is not inherently, in nature and character, a nuisance, the licensee is liable only in the event he fails to use ordinary care and diligence in constructing the excavation and keeping it in such repair that it shall be as safe for the use of the public as any other part of the sidewalk. (Elliott on Roads and Streets, p. 772, and authorities cited in note 3; *Congreve* v. *Morgan*, 18 N. Y. 84; *McGuire* v. *Spencer*, 91 id. 303;

Shearman & Redfield on Negligence,—5th ed.—sec. 703; *Trustees* v. *Foster*, 156 N. Y. 354; 50 N. E. Rep. 971.) Counsel for the appellee concede the appellant company was a licensee, and not a trespasser, and that the duty devolving upon it was no greater than to exercise ordinary care. In their brief counsel say: "We do not charge it, as trespasser, as maintaining a nuisance; we merely charge it with the obligation of exercising due care and diligence in the maintenance of the sidewalk." The instruction charged it upon the appellant company as an absolute duty to keep the sidewalk safe, and excluded from consideration as a defense every circumstance of care, prudence or diligence on its part to make and keep it safe, in determining as to its liability for the injury to the appellee. Having license from the city to construct the vault and coal-hole, only reasonable and ordinary care and precaution for the public safety was, in any event, required by law of the appellant.

*Second*—It was error to advise the jury, as was done by the instruction, that out of considerations of public policy the appellant company, being the owner of the premises, must be held to the duty of keeping the coal-hole in question in such condition that it would not entail injury upon any one who should attempt, while exercising ordinary care, to use the sidewalk, and that this duty was in nowise affected by the fact the basement, including the vault and coal-hole, had been leased for compensation to and was in the possession of a tenant. There was no evidence tending to show the injury was occasioned by reason of any defect or fault in the original construction of the vault, the coal-hole or the cover to the hole. The negligence on which the right to recover rested was, that the cover of the coal-hole had become insufficient and defective through a failure to keep it in repair. There was evidence tending to show the vault and coal-hole were appurtenant to the basement, only, of the building, and that the basement, including the

vault and the coal-hole, was, and for some years prior
thereto had been, in the exclusive possession of a tenant
of the appellant company, who held the same under a
lease, wherein he had covenanted that he had received
the premises "in good order and condition" and would
keep the same in "good repair during the period of the
lease." The tendency of this testimony was to establish
that the negligence (if any) which caused the injury to
appellee was not that of the appellant company. The
general rule is, that the occupant of premises is respon-
sible for injuries inflicted upon another by reason of the
neglect or failure to keep the premises in repair. (*City
of Chicago* v. *O'Brennan,* 65 Ill. 160; *Gridley* v. *City of Bloom-
ington, supra; City of Boston* v. *Gray,* 10 N. E. Rep. 509.)
This court has recognized exceptions to this general rule,
as follows: The owner of leased premises may be made
liable for such injuries (*a*) if the covenants of the lease
require that he shall keep the premises in repair; (*b*) if
the dangerous or defective condition by which the injury
was occasioned existed when the premises were leased;
(*c*) if that which occasioned the injury was a nuisance
and was upon the premises when the lease was executed.
(*Gridley* v. *City of Bloomington, supra; City of Chicago* v.
*O'Brennan, supra; City of Peoria* v. *Simpson,* 110 Ill. 294.) In
the case at bar the coal-hole was placed in the sidewalk
and the vault underneath it constructed with the consent
of the city authorities. There is no proof or claim the
work of construction was improperly or unskillfully done,
or of other grounds upon which to base an insistence the
premises were let with a nuisance upon them, or that
the coal-hole, or the cover thereto, was in a dangerous or
defective condition when the appellant company parted
with the possession and control thereof. The tenant
expressly covenanted he would keep the same in good
repair, and was in full and exclusive possession of the
basement and of the vault under the sidewalk, and, so
far as the appellant company is concerned, of the "hole"

in the sidewalk leading to the vault. Hence the liability of the appellant company cannot be predicated upon any of the exceptions to the general rule which this court has heretofore recognized.

It is contended, however, that another exception should be declared in cases such as this, where the owner of a building is granted the privilege of excavating a vault under the sidewalk of a public street and opening a coal-hole in such sidewalk for the benefit of his premises; that in such instance the owner of the premises assumes, by implication, the duty of keeping the sidewalk where he has opened it in as good condition and as safe for the public use as if the opening had not been made; that such duty is imposed by law for the public safety; and while it is conceded this duty runs with the land, and the alienation of the entire premises, either permanently, by deed, or temporarily, as by a lease, would transfer the duty to the grantee or tenant, still it is urged the conveyance of an undivided interest, or demise of a part, only, of the premises, should not be held to relieve the owner of the duty he owes to the public, and to cast the same upon the tenant of a part, only, of the premises, though the opening in the sidewalk has no relation to any other portion of the building other than that in possession of the tenant. Public safety and sound public policy, it is urged, demand that nothing less than the alienation or parting with the possession of the entire premises should operate to relieve the owner of such premises from the duty which was originally imposed upon and impliedly accepted by him. The view seems to have obtained the sanction of the court of appeals of the State of New York in the case of *Trustees* v. *Foster*, 156 N. Y. 354; 50 N. E. Rep. 971. We do not regard the case of *Irvin* v. *Fowler*, 5 Robertson, 482, as also authority for the view. In that case, Fowler, the landlord, and his tenant, were held liable to a stranger for injuries received by falling through a coal-hole in the sidewalk. Fowler,

the owner and landlord, was not in possession, but the coal-hole had been constructed without the consent of the city and constituted a nuisance, and Fowler let the premises with the nuisance upon them. His case fell within one of the exceptions to the general rule herein-before mentioned as recognized in this jurisdiction.

It will be observed the argument and contention of appellee on this point do not go far enough to uphold and sustain the instruction. The instruction, in sub-stance, declares, as a proposition of law, that the owner of property who has obtained a license from the city to excavate a vault under the sidewalk and a scuttle-hole in the sidewalk has the duty imposed upon him to answer for all injuries which may be occasioned thereby to any one who is injured while attempting, with due care, to pass along the sidewalk, and this liability remains in full force though the owner has leased the property for compensation to a tenant and delivered over the posses-sion thereof to such tenant. The view of the instruction is, the duty is a continuing duty, and remains in full force as long as the owner of the property is deriving benefits, by way of rent or compensation, from a tenant for the use thereof. This view is clearly erroneous. In the case so much relied upon by counsel for appellee, viz., *Trustees* v. *Foster, supra,* where an injury had been occasioned by a fall into a grate over a coal-hole in the sidewalk of a public street, it was said: "Upon the transfer of the en-tire interest and possession to another, as the duty runs with the land, it would be cast upon the grantee. So a lease of the entire premises, and possession thereof to the tenant, would doubtless throw the burden upon the latter. (Shearman & Redfield on Negligence,—5th ed.— secs. 710, 713.) The conveyance of an undivided interest, however, would not have that effect and the demise of a part of the premises should not. The obligation goes with the land and cannot be discharged by a partial alienation of the land,—at least unless the alienation, if

for a fixed term, carries with it the exclusive possession of the premises for that term. Entire possession by a tenant from foundation to roof doubtless involves the duty of keeping a grate in front of the premises in repair, which otherwise rests on the owner of the fee. * * * If he parts with the premises, or parts with the possession thereof for a period, the burden falls on his successor in title or possession. If he transfers either title or possession in part, only, he does not escape the burden. The implied duty assumed when the hole was cut and the grate placed over it requires reasonable precaution on the part of the owner to protect the public as long as he remains the owner and is in possession of any part of the building on the abutting land." We are advised of no authority for the view announced in the instruction, that in such cases the owner must answer to any one injured as long as the owner derives "compensation" for the use of the premises, whether such owner has the control and possession or the possession and right of control are in another. The instruction conveyed an erroneous proposition to the jury, and we cannot say but that such error contributed to the verdict and judgment against the appellant company.

As the judgment must be reversed and the cause again tried, it is necessary we should declare whether the liability is that of the owner or the occupant, in a case where the occupant is a tenant and has leased a portion, only, of the premises under covenants which, as between the owner and the tenant, make it the duty of the latter to keep the demised premises and the appurtenances thereto in good repair, and the portion so leased includes a vault under the sidewalk of a public street and a coal-hole opening into the vault, the vault and coal-hole having been constructed with the consent of the city. If the coal-hole and vault were constructed and are used for the benefit of the entire premises, the leasing of a portion, only, of the premises would not absolve the owner

from his duty to use ordinary care to keep the coal-hole and the covering thereto in a good and safe condition; but if the vault into which the coal-hole opens has no connection with any other part of the building than the basement leased to the tenant, and no benefit inures from it to any other portion of the premises, and the tenant, as against the owner, has, and is entitled to have, exclusive possession and control of the basement, coal-hole and vault, and has covenanted to keep the same in good repair, then the case should be regarded as within the operation of the general rule that the occupant of the premises, and not the owner thereof, is responsible for injuries received in consequence of a failure to keep the premises in repair.

The judgment of the Appellate Court and that of the circuit court must be and are each reversed, and the cause remanded to the circuit court for further proceedings not inconsistent with the views here announced.

*Reversed and remanded.*