## Charlotte Gronlund v. Anna Forsman, by next friend.

### Gen. No. 12,254.

1. PERSONAL INJURIES—*landlord's liability for.* The general rule is that the occupant and not the owner as such is responsible for the injuries received in consequence of a failure to keep the premises occupied in repair. To this general rule there are these exceptions: (1) where the landlord has by an express agreement between the tenant and himself agreed to keep the premises in repair, and (2) where the premises are let with a nuisance upon them, by means of which the injury complained of is received.

2. SPECIAL INTERROGATORIES—*what bill of exceptions should show with respect to.* A bill of exceptions should show that special interrogatories refused by the court were submitted to opposing counsel prior to argument; otherwise the presumption will be indulged that it was for failure so to submit the special interrogatories that the same were refused.

3. SPECIAL INTERROGATORIES—*when properly refused.* Special interrogatories are properly refused which are misleading in form, or double, or which relate to evidentiary as distinguished from ultimate facts, or which assume facts not warranted by the evidence.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 18, 1906.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court of Cook county rendered on a verdict of a jury returned in favor of the plaintiff against the defendant. The verdict and judgment were for $600.

The declaration alleged that the defendant Charlotte Gron-

lund, together with August Gronlund (who was originally made a joint defendant in the case), on August 18, 1897, had the care and control of a house known as No. 93 Milton avenue in Chicago, which had window blinds which swung out toward and very near the line of the street; that it became and was the duty of the defendants to have said blinds firmly fastened to said house, so that they would swing on their hinges with safety and not fall therefrom to hit or injure any one in the street; that the defendants did not have or keep said blinds fastened firmly to said house, nor so fastened that they would swing with safety on their hinges, but negligently failed to secure or fasten said blinds onto the said house with reasonable firmness, and negligently permitted them to become dangerously insecure in their fastenings, so that on said 18th of August, 1897, while the plaintiff was, with due care, walking on the sidewalk in the public street in front of said house, one of the blinds on said house fell and struck the plaintiff on the head and injured her.

The defendants first filed a general demurrer to this declaration, but afterward withdrew the same, and filed a plea of not guilty.

On the trial, the ownership of said house appearing to be in the appellant solely, the appellee dismissed the cause against August Gronlund.

A motion was made at the close of plaintiff's evidence that the court instruct the jury to return a verdict for the defendant, which was denied. It was renewed at the close of all the evidence and was again denied.

After the verdict the appellant made a motion for a new trial, and when that was denied, a motion in arrest of judgment, which was also denied.

In this court the appellant has assigned errors covering the refusals to instruct the jury to find for the defendant, the alleged introduction of improper evidence and exclusion of proper evidence, the giving of improper instructions requested by the plaintiff, the refusal and modification of proper instructions requested by defendant, the refusal of

the court to submit to the jury certain special interrogatories, the submission of which was asked by the defendant, and the overruling of the motion for a new trial, and of the motion in arrest of judgment. It is also alleged in the assignments of error that the verdict of the jury was contrary to the law and the evidence, and that it was contrary to the instructions of the court and excessive in amount.

O. C. PETERSON and HIRAM BLAISDELL, for appellant.

DWIGHT D. ROOT, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

Although complaint is made by the appellant's counsel of the refusal of the court to give to the jury certain instructions asked by them, and of the giving of certain instructions asked on behalf of the appellee, it is evident that the real gist of their claim in this appeal is that the jury found the facts contrary to the view entertained by them of the evidence. This is practically admitted by their statement that certain quoted instructions were given at the request of the defendant, and that the fact that the jury did not find a verdict for the defendant shows that they disregarded and disobeyed these instructions.

We think that the law of the case was given by the trial court to the jury as favorably to the defendant as she had a right to demand.

The law governing the liability of a landlord to third persons for injuries resulting from an unsafe condition of premises leased by such landlord to a tenant, and in the possession of the tenant, has been often declared by the Supreme Court.

In Gridley v. The City of Bloomington, 68 Ill., 47, it is thus stated: "The general rule is that the occupant and not the owner as such is responsible for the injuries received in consequence of a failure to keep the premises occupied in repair. To this general rule, the authorities recognize these exceptions: 1. Where the landlord has, by an express agreement between the tenant and himself, agreed to keep the

Gronlund v. Forsman.

premises in repair so that in case of a recovery against the tenant, he would have his remedy over, then to avoid circuity of action, the party injured by the defect and want of repair may have his action in the first instance against the landlord, but such express agreement must be distinctly proved.   2. Where the premises are let with a nuisance upon them, by means of which the injury complained of is received."

This doctrine has been confirmed several times since.   In City of Peoria v. Simpson, 110 Ill., 294, the court implies that the general rule noted in Gridley v. The City of Bloomington, depends on the argument that the owner who has received no authority to do so, cannot enter demised premises to make needed repairs, and that the reason for the second exception to that rule, also in said case noted, is that the cause of the injury having existed anterior to the letting, the owner should have made the repairs.

In West Chicago Masonic Association v. Cohn, 192 Ill., 210–218, the court says:   "The general rule is that the occupant of premises is responsible for injuries inflicted upon another, by reason of the neglect or failure to keep the premises in repair.   The court has recognized exceptions to this general rule as follows:   The owner of leased premises may be liable for such injuries (a) if the covenants of the lease require that he shall keep the premises in repair; (b) if the dangerous or defective condition by which the injury was occasioned existed when the premises were leased; (c) if that which occasioned the injury was a nuisance and was upon the premises when the lease was executed."

It is not necessary for us to decide whether or not a window blind fastened to the outside of a house occupied by several tenants, is so entirely in the possession of the tenant to whose demised premises it is an appurtenance, that it falls within the spirit and letter of the general rule thus stated, as the Supreme Court decided that the covering of a coal vault in the sidewalk did in West Chicago Masonic Association v. Cohn, *supra*.

It might perhaps be not unreasonably argued that in the

absence of any specific agreement, the entire outside of a building occupied by several tenants, like the roof, should not be considered as subdivided in respect to liability like this, and that the landlord retained such control and possession thereof as rendered him in any event liable for injuries caused by its dangerous condition.

This doubtful view was not taken in this case by the court, however, but the defendant was given the benefit of the rule as to leased premises heretofore quoted. She certainly had no right to demand or expect more.

This instruction was given at her request:

"Unless you believe and find from the evidence the defendant knew, or by the exercise of reasonable care might have known, of a defect in the shutter and its appliances, and that the same was liable to fall and had such knowledge for a reasonable length of time before renting the premises, so that said defendant had a reasonable opportunity to repair any defect therein, which you may find from the evidence existed, then you will find the defendant not guilty."

This covered the claim of defendant and left to the jury the question of fact whether or not the defect, if it existed and was the cause of the injury, was in existence at the time the room in which was the window to which the blind appertained, was let by the defendant to the tenant who occupied it at the time of the injury, two days afterward.

In their verdict under this and the other instructions given, inhered the findings that a defect causing the injury did exist before this letting, and that the defendant had knowledge of it, or a reasonable opportunity to know it. We have no doubt their conclusion was correct. From the evidence in the record, taken together, we think any other conclusion would have been unreasonable. The claims of the defendant that the plaintiff's proof showed that the defect did not exist when the premises were rented, and that the proximate cause of the injury was an act of a guest of the tenant, are not tenable. The plaintiff could not impeach her own witness, even though the witness was the defendant, but

she is not bound by the statements of that witness where they conflict with other testimony. There is nothing to sustain any hypothesis of carelessness or negligence, either on the part of the plaintiff or of Miss Hansen, whose act in pushing back the blind as it was swinging to, counsel call the proximate cause of the injury.

There is nothing objectionable in the instructions given, and those refused were either erroneous, inapplicable, or covered by those given. As to the special findings requested by the defendant, the bill of exceptions does not show that they were submitted to the defendant or her counsel before the commencement of the argument to the jury. We cannot know that the court did not refuse them for that reason. But we think that they were in any event objectionable. The first was misleading in form and double. Neither that one nor any of the others would have been decisive. They were on evidentiary, not ultimate facts. There was an assumption in the third not warranted in the evidence.

We do not think that in view of the evidence the verdict can be deemed excessive.

On consideration of the entire record, it seems to us that substantial justice has been done, and the judgment is affirmed.

*Affirmed.*