# Edward H. Thomas, Defendant in Error, v. Albert Vannucci, Plaintiff in Error.

## Gen. No. 18,514.

1. LANDLORD AND TENANT, § 250*—*who liable for injuries to third persons.* As a general rule the occupant and not the owner is responsible for injuries to third persons occasioned by failure to keep the premises in repair.

2. LANDLORD AND TENANT, § 250*—*when landlord liable for injuries to third persons.* Where the owner has covenanted to repair, or where the dangerous or defective condition of the premises causing injury to a third person existed at the time of the leasing, the landlord is liable.

3. LANDLORD AND TENANT, § 251*—*when tenant from month to month liable for injuries to third person.* Where a pedestrian was injured by the breaking of an iron door in the sidewalk, permitted to become out of repair with the knowledge and during tenancy of the occupant of the abutting premises, the latter is not exempted from liability because holding only as a tenant from month to month, nor because of a promise of the owner to repair, there having been no covenant to repair.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 11, 1914.

SIMON P. GARY and MICHAEL LYONS, for plaintiff in error.

ALBERT B. GEORGE, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

At the time of the occurrences here involved plaintiff in error was a saloon keeper at the corner of 29th street and Armour avenue in the city of Chicago. He had continuously occupied the building there located for approximately five years theretofore. He paid rent to the Conrad Seipp Brewing Company, but never had a written lease. His tenancy was from month to month. The building faced Armour avenue. On 29th street there was an entrance to the basement of the building which was covered by a pair of iron doors. These doors formed part of the sidewalk there located. They had become rusted and out of repair and were then and for some months prior thereto had been unsafe to the knowledge of plaintiff in error who had several times notified the Conrad Seipp Brewing Company of that fact, and had asked that company to repair them. Plaintiff in error testified that the Brewing Company promised to repair them. There is nothing in this record to indicate that these doors were out of repair or unsafe when plaintiff first began to occupy these premises. It is fairly inferable from the evidence that they had become out of repair from natural wear and tear during the five years plaintiff in error occupied the premises as a tenant.

On March 23, 1910, defendant in error stepped upon these doors and they gave way. One of his feet went through one of the doors and his leg was cut and scraped from the ankle to the knee. He obtained a judgment in the Municipal Court against plaintiff in error for one hundred and seventy-five dollars.

Plaintiff in error denies his liability on the ground that as his tenancy was from month to month it must,

in determining his liability, be treated as having begun on the first day of the month in which the injury sued for was sustained, and that as the doors were out of repair and unsafe when his tenancy for that month began, the duty to repair was the landlord's and not his, and that the liability for damages caused by the unsafe condition is on the one whose duty it was to repair.

The general rule undoubtedly is that the occupant and not the owner is responsible for injuries occasioned by a failure to keep the premises in repair. Where, however, the landlord has covenanted to repair or where he has let the premises with the nuisance that caused the injury upon them, that is, where the dangerous or defective condition by which the injury was caused existed when the premises were leased, then the landlord is liable. *Gridley v. City of Bloomington*, 68 Ill. 47; *City of Peoria v. Simpson*, 110 Ill. 294; *West Chicago Masonic Ass'n v. Cohn*, 192 Ill. 210. And some authorities go to the extent of holding that where the exceptions to the general rule exist the occupant is not liable.

The case at bar does not come within any of these exceptions to the general rule. It is not pretended that there was at any time a covenant on the part of the landlord to keep these premises in repair. All that is claimed by plaintiff in error is that at one time after the premises had become out of repair and unsafe the landlord promised to make some specific repairs.

It must be conceded that it was the duty of plaintiff in error to keep these premises in repair during each of the monthly tenancies covering the five years he had occupied the same, while they were becoming out of repair. It was during this time before he asked, or was promised by the landlord to make the specific repairs mentioned, that they became unsafe.

He manifestly did not perform that duty. By failing to perform it he rendered himself liable to respond in damages to any one who was injured in consequence

of his neglect of duty in that regard. His liability did not depend on whether he remained in possession of the premises until the injury was sustained or not, or whether the landlord or any one else by reason of any subsequent contract, leasing or neglect had also become liable. It arose from his neglect to perform a plain legal duty.

If plaintiff in error had kept these doors in repair from month to month during the years of his occupancy, as it was his duty to do, defendant in error would not have suffered the injuries complained of. Failing in this he must pay the damages caused by his neglect.

Plaintiff in error complains of some instructions given by the court. While they are each faulty, they are more favorable to him than he was entitled to have given and could have done him no harm.

Finding no reversible error in the record and being satisfied that justice has been done between the parties, the judgment is affirmed.

*Judgment affirmed.*