# Horace J. Eggmann, Appellee, v. Charles B. Nutter et al., Appellants.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*effect of repetitions.* Mere repetitions in instructions of the same principle of law are not ground for reversal.

3. INSTRUCTIONS—*when reversal proper.* An instruction which is calculated to mislead is properly refused.

4. VARIANCE—*how objection for should be made.* An objection for variance should be specific otherwise it will not avail.

5. EVIDENCE—*what incompetent.* Hearsay evidence is not competent and does not tend to establish the fact sought to be shown.

6. APPEALS AND ERRORS—*when refusal of special interrogatories not subject to review.* The record should affirmatively show that special interrogatories were presented to counsel before the commencement of argument, otherwise the action of the court in refusing to submit the same to the jury will not be reviewed.

Assumpsit. Appeal from the City Court of East St. Louis; the HON. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911. Rehearing denied April 3, 1912.

D. E. KEEFE and N. C. LYRLA, for appellants.

E. W. EGGMANN, KRAMER, KRAMER & CAMPBELL and C. H. G. HEINFELDEN, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This is an action of assumpsit heard in the City

Court of East St. Louis; tried before a jury at the August term, 1910; verdict rendered for the plaintiff for $338.03, upon which judgment was rendered, and the defendants have prosecuted this appeal.

The declaration in this case alleges that the defendants on the 11th day of September, 1905, at East St. Louis, Illinois, made their promissory note in writing, bearing date last aforesaid, and then and there delivered the same to the said plaintiff and one John E. Miller, in and by which said note said defendants in the name and style of Charles B. Nutter, C. L. Nutter and John W. Sanders, promised to pay to the order of said plaintiff and said John E. Miller, by the name, style and description of John E. Miller and Horace J. Eggmann, on September 1, 1906, the sum of $250, for value received, with interest at seven per cent per annum from said date until paid, and that afterwards on January 1, 1908, John E. Miller assigned his interest in the said note to the plaintiff.

The declaration also contains the common counts, to which is added an account, and also copy of the note sued upon.   The note is as follows:

"East St. Louis, Illinois.
September 11, 1905.

On September 1, 1906, after date we promise to pay to the order of John E. Miller and Horace J. Eggmann, at the First National Bank of East St. Louis, Two Hundred Fifty Dollars,

For value received, with interest at seven per cent per annum from date until paid.
(Signed)

CHARLES B. NUTTER,
C. L. NUTTER,
$250.00                         JOHN W. SANDERS."

Upon which note is the following endorsement:
"For value received I hereby assign and transfer

and set-over unto Horace J. Eggmann my one-half interest in the within note.

(Signed)    JOHN E. MILLER.''

To this declaration the defendants filed a sworn plea denying the execution of the above note.

The contention of appellants is, First, that the note sued upon as originally given was payable to John E. Miller only, and that the name of Eggmann was inserted as payee in the said note after the same had been executed and delivered to Miller. The evidence upon this question is quite conflicting. Eggmann testifies that he wrote the note and handed it to Nutter and it was made payable to John E. Miller and Horace J. Eggmann, and then delivered before it was executed, to C. L. Nutter to be taken by him for the signature of other parties, and that when the note was delivered to Nutter the names of both Miller and Eggmann were named therein as payees; that it was taken out by Nutter to obtain security upon it for the rent; that later in the day, and about seven o'clock in the evening, the note was returned to Eggmann and Miller signed by the three defendants and that at that time the names of Miller and Eggmann were in the note as payees. Miller says that he saw the note at the time that it was delivered, and on the same evening at his house; that at that time the names of John E. Miller and Horace J. Eggmann were named in the said note as payees thereof, and that there has been no change in the names since that time; that he afterwards assigned his interest in this note to Eggmann. And this was substantially all of the testimony offered by the plaintiff.

The defendant, to maintain the issue of the case, introduced Charles B. Nutter, who says that as the note was originally drawn it was made payable to John E. Miller; that Eggmann gave as his reason that he did not want to have anything to do with the note, and that Miller would give him his part of the considera-

tion. That he took the note home and exhibited the note at the supper table to his father and some other members of the family, and the note was signed by himself, his brother and Mr. Sanders, and that at the time they executed the note the name of Horace J. Eggmann was not contained therein as one of the payees. C. L. Nutter, another defendant, testified to substantially the same facts as his brother, and he too, says that the name of Eggmann was not contained in said note as payee at the time the note was signed. John W. Sanders testified that he signed the note as one of the makers thereof; that the note was first signed by C. B. Nutter, then his brother next and Sanders signed it last, as surety, and that to the best of his knowledge the note was payable to John E. Miller only as payee. The father of the Nutters claims to have seen the note and says that the name of Eggmann was not contained in it just prior to its execution. A receipt given by Horace J. Eggmann bearing date September 12, 1905, in which receipt the name of John E. Miller only appears as payee, was offered in evidence. This was all of the evidence offered on the trial of this case.

It is contended by counsel for appellants that the jury was not warranted in finding for the plaintiff upon this issue, and that the verdict was against the weight of the evidence. It is true that the greater number of witnesses testified in behalf of the defendants upon this issue; this, however, was a matter especially for the determination of the jury; they saw the witnesses upon the stand and no doubt observed their conduct and bearing and they were better calculated to determine who were and who were not testifying truthfully than can be determined by this court upon the record. It is quite clear that some one has testified falsely with reference to the condition of the note in question at the time it was signed, and we think no one would be better calculated to determine that question than the

jurors themselves; and unless the verdict of the jury is manifestly against the weight of the evidence this court has no power to disturb the verdict. Chicago & Joliet Elec. Ry. Co. v. Patton, 122 Ill. App. 174, and other cases that may be cited. Indeed, the law is so well settled that a court upon an appeal is not warranted in reversing a judgment unless the verdict is manifestly against the weight of the evidence, that it hardly needs the citation of authorities; and while the evidence may be conflicting, and even if it appears that the weight of the evidence is contrary to the verdict of the jury, this alone does not justify the Appellate Court in reversing the finding of the jury. The Appellate Court must be able to say that the verdict is manifestly against the weight of the evidence. We are not prepared to say that the verdict in this case is so manifestly against the weight of the evidence as to require a reversal.

Appellants next contend that the court erred in giving instructions one and two as they appear in appellee's brief, and say that they are objectionable because they are a repetition of each other. We have carefully examined the instructions. While it is true they in part announce the same proposition yet the second instruction is more specific than the first one; but conceding that they do to some extent repeat the same proposition, and to that extent may not be accurate, yet we are not able to hold that this is such error as would authorize a reversal of this judgment.

Again, it is claimed that the court erred in refusing defendants' first refused instruction. This instruction simply tells the jury that although the evidence may show that Nutters made an oral contract with Miller and Eggmann, and that they are indebted to them, and that if the note was made payable to Miller alone that they would have no right to add the name of Eggmann thereto. There is no question about this being a cor-

rect proposition of law but we think it was fully embodied in the first instruction given on behalf of the defendants which told the jury that even if they believed that the note introduced in evidence expressed the oral contract entered into by the Nutters but that if the note was payable to Miller alone the plaintiff would not have any right to change it to conform to said oral agreement.

The second instruction asked by the defendant, which it is claimed the court erred in not giving tells the jury that under the plea filed they must not only determine whether the defendants signed the note but whether the note had been materially altered since it was executed. This instruction was fully covered, as we think, by instruction No. 5 given on behalf of the appellants which told the jury that the plea denying the execution of the note put the plaintiff upon the proof of its execution, and that burden was upon the plaintiff throughout the entire trial, and that unless it was payable to Miller and Eggmann at the time it was signed that they should find for the defendant. This instruction clearly told the jury that the proof of the execution of the note, as well as that the names of the joint payees were inserted therein at the time it was signed, they should find for the defendants; but the defendants could not have been materially injured by the refusal of this instruction as the question was not so much upon the execution of the note as what it contained when executed.

The third refused instruction complained of by the defendants is as follows:

"The court further instructs the jury that if you believe from the evidence that the name Horace J. Eggmann was written in the note without the knowledge, authority or consent of the defendant John W. Sanders after he had signed it, then you should find for the defendant John W. Sanders."

We think this instruction was misleading. The suit was not only against John W. Sanders but against the

Nutters as well, and if it is true that the name Horace J. Eggmann was written in the note after it was signed then it should be the duty of the jury to find a verdict for all of the defendants, and not for John W. Sanders alone.

The other instructions given upon behalf of the defendant very plainly told the jury that if the name of Eggmann was written in as payee of the note after it had been signed that they must then find a verdict for all of the defendants, and this included Sanders as well as the others. We are of the opinion that the court did not err in the refusal of these instructions.

It is next claimed that the original declaration did not aver that the note was payable at any particular place, and that the note, when presented, on its face showed that it was payable at the First National Bank of East St. Louis, Ill. That the defendants made the following objections to the admissibility of the note when introduced: "For the reason of the alteration which appears upon the face of the note, and for the further reason that it is not the note described in the declaration and that it is incompetent at this time." It is quite clear that the objection so far as it pertained to the alteration which appeared upon the face of the note is concerned, that there could be no objection to that because proof at that time had been made of its execution and this would entitle it to be admitted in evidence; as to the objection that it is not the note described in the declaration, and for that reason incompetent, we think the objection was not sufficiently specific. If the defendants were desirous of taking advantage of the introduction of this note in evidence because of the variance between the language of the note and the declaration, then they should have stated to the court specifically the objection, called the court's attention to it so the court could have passed upon that identical question. This, they did not do, and we think

the objection as urged was not sufficient upon which to base a reversible error.

Counsel for appellants in their brief say that the specific objection was made that the note offered was not the note described in the declaration. We do not believe that this is a specific objection but is very general in its terms and would not call the court's attention to the particular thing complained of. It appears, however, that during the trial the attention of counsel was called to this particular phase of the declaration and they then, by leave of the court, amended the declaration. This, the court had a right to do, and even if there had been an error this would have cured it.

Appellants also claim that the court erred in not permitting them to show that at the time Sanders signed the note that he took a contract or obligation from C. B. and C. L. Nutter to secure him as such surety in the execution of such note, and that such note was described in this contract. This was simply a matter between Sanders and the Nutters, and would have been hearsay evidence so far as the plaintiff in this suit was concerned, and we think the court did right in excluding this evidence.

Some complaints are made, also, of other evidence that was offered but nothing of a serious character, and we cannot see that the court committed any error in either admitting testimony for the plaintiff or refusing it for the defendants.

Again, it is contended by appellants that they submitted special findings to counsel for the plaintiff before the commencement of the argument in this case and requested the court to require the jury to answer such special interrogatories, which the court refused to do. We have examined the record in this case, and the abstract as well, and it does not affirmatively appear that these interrogatories were presented to counsel before the commencement of the argument. In the case of Gronlund v. Forsman, 124 Ill. App. 362, it is

said: "A bill of exceptions should show that special interrogatories refused by the court were submitted to opposing counsel prior to argument." Such is not shown by this record. It is true that the record discloses that after judgment had been rendered a motion was made to set aside the judgment and order overruling motion for a new trial and to grant a re-hearing upon the affidavits of Lyrla, Charles B. and C. L. Nutter, which stated that the special interrogatories were tendered to counsel for plaintiff before the argument began, but this motion was overruled by the court. This, however, does not cause the record to show affirmatively that the special interrogatories were offered.

We have given this case careful consideration and we cannot say that the verdict of the jury is manifestly against the weight of the evidence or that the court erred in its rulings therein, and we are of the opinion that the judgment should be affirmed.

*Judgment affirmed.*