## Village of Bureau Junction v. Irad L. Long.

1. CITIES AND VILLAGES—*Right to Plant Posts in Streets to Protect Sidewalks.*—A sidewalk in a city or village is a part of the public street, and it is as much the duty of the municipal authorities to keep it in repair and protect it, as it is the remainder of the street. In doing so, it is permissible to plant stones or posts in the streets, provided that they do not interfere with a reasonable use of the street by the public for travel.

2. SAME—*Duty to Keep Streets Clear—Runaway Teams.*—No duty devolves upon a municipal corporation to keep a street entirely clear from lamp posts, telephone poles, water hydrants, hitching posts and the like, so that runaway teams may have a clear way on the street from sidewalk to sidewalk.

Village of Bureau Junction v. Long.

**Memorandum.**—Action for damages. In the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; error by defendant. Heard in this court at the May term, 1894, and reversed with finding of facts. Opinion filed December 13, 1894.

ECKELS & KYLE and RICHARD M. SKINNER, attorneys for plaintiff in error.

BARNES & BARNES, attorneys for defendant in error; F. WHITING, of counsel.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action on the case to recover for injuries sustained by defendant in error in a runaway of his team, caused, as alleged, by the negligence of plaintiff in error, in allowing its streets to remain in bad repair and unsafe condition. There was a recovery for $10,500.

There are three counts in the declaration. The first and second charge the negligence of the village, in allowing a large stone to remain in what is known as Bureau street, against which one of the wheels of the wagon of defendant in error came in violent contact, thereby throwing him from the wagon. The third charges negligence in allowing a public alley connecting with the street to be in such unsafe condition as to cause another team while passing from the alley into the street to become frightened and run away, which had the effect to cause the team of defendant in error to run away and upset his wagon, thereby causing the injury.

There was no evidence tending to prove the third count, but the right to recover is shown, it is claimed, by the evidence introduced to support the first and second counts.

Bureau street runs from the Chicago, Rock Island & Pacific Railroad through the village, and is a frequently traveled thoroughfare. It intersects at right angles from the west with Chicago street, an alley, Rock Island street, and another alley. At the southwest corner of Bureau and

Chicago streets is a large stone about twenty inches long, fifteen inches wide and twelve inches thick, planted there for the purpose of protecting the sidewalk at that point from wagons and other vehicles passing from one street into the other.

On the 16th of October, 1889, the defendant in error was engaged in moving his household goods from a house in which he had been living and which was located on Rock Island street. For convenience the goods were loaded into wagons in the alley above the street. There were two teams with wagons, one driven by defendant in error, and the other by a relative, Belden Long. Defendant in error drove out of the alley into Bureau street first, Belden Long following, driving a team of mules. In passing from the alley the mules became frightened, the seat and driver were thrown from the wagon, and the mules rushed down the street past the defendant in error. As the mules passed, the other team became unmanageable and run away. At or near the intersection of Chicago street with Bureau street a wheel of the wagon of defendant in error collided with some object, the wagon was upset, and the defendant in error sustained such injuries as to necessitate the amputation of both feet.

It was contended by the plaintiff below that the right front wagon wheel of his wagon struck the stone at the southwest corner with such force that the staples were pulled out from the neck yoke which let the tongue drop and which had the effect, with the speed at which the horses were running, to turn the wagon over. It was contended upon the part of the village that the wagon wheel did not strike the stone at all, but that it collided with a coal wagon which had just come out of Chicago street, and which the driver was endeavoring to get onto the east side of Bureau street out of the way of plaintiff's runaway team.

While there was a conflict in the evidence upon this disputed point, we think that a clear preponderance shows that the upsetting of the wagon was caused by its collision with the coal wagon.

We think, too, that the cause of the team of the defend-

ant in error running away was due to the carelessness of Belden Long in improperly loading his wagon or in the mismanagement of the mule team.

We are unable to discover in the evidence any ground of negligence to render the village liable.   Even if it be contended that the wagon was upset by reason of the collision with the stone at the southwest corner of the streets mentioned, it is not liable.   The village authorities had the right to plant the stone there for the protection of the sidewalk. It was planted in close proximity to the sidewalk and allowed ample space in the street for passing teams.

A sidewalk in a city or village is a part of the public street, and it is as much the duty of the public authorities to keep it in good repair and protect it as it is the remainder of the street.   In doing so they are permitted to plant stones or posts in the street, provided that they do not interfere with a reasonable use of the street by the public for travel.   No such duty devolves upon them as to keep the streets entirely clear from lamp posts, telephone poles, water hydrants, hitching posts, etc., so that runaway teams may have a clear way on the streets from sidewalk to sidewalk.

In the exercise of their judgment for the protection of the sidewalk at the point in controversy we think the village authorities acted wisely.

With the views herein expressed, it is clear the judgment should be reversed, and the case held here without remanding.

### Finding of Facts, to be Incorporated in the Judgment.

This court finds that the plaintiff in error is not guilty of the negligence set up in either of the three counts of the declaration of defendant in error; that the defendant in error sustained the injury to his person set up in the declaration by reason of the running of his team and the colliding of his wagon with another wagon traveling upon Bureau street; that the plaintiff in error was in no wise responsible for such runaway or collision, and that the defendant in error has no cause of action against the plaintiff in error.