## Cumberland Telephone and Telegraph Co. v. T. J. Coats.

1. TELEPHONES—*Duty as to Line Rightfully Located.*—Where the poles and wires of a telephone company are rightfully in the street and there is no negligence in their location, the duty of the company thereafter relates to the prudent and careful maintenance of its lines where they had been originally located.

2. SAME—*Liability for Injury Where Line Rightfully Located.*— Where a pole of a telephone company is rightfully located and wires necessary to hold the pole in position are anchored in the ground from the pole, the company will not be held responsible for injury to one who stumbled over the wire.

Action on the Case.—Personal injury. Appeal from the Circuit Court of Saline County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1901. Reversed, with a finding of facts. Opinion filed March 3, 1902.

JOHN L. THOMPSON and CHOISSER, WHITLEY & CHOISSER, attorneys for appellant.

GEO. B. PARSONS, G. W. PILLOW and PARISH & PARISH, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This is an action on the case brought by appellee against appellant for injuries received on the 2d of June, 1900, in the city of Eldorado, where appellant maintains a telephone exchange. The accident happened in the night between 11 and 12 o'clock. A building known as the Mathis block is located at the intersection of the principal street of the city with Locust street, the former thoroughfare running north and south, the latter east and west. The building stands on the north side of Locust street, fronting west and extending east 90 or 100 feet; at the rear of the building is a stairway which leads to the second story. Along the south side of the building is an 8-foot brick sidewalk, which extends eastward some distance farther than the length of the building. East of the Mathis block, on the north side of Locust street, there are no other business blocks and no other structures except a coal house, which is used in connection with the block. On the south side of Locust street and opposite the Mathis block, there are no business houses except a building fronting west and a small shoe shop, some eighty feet east from the principal street.

There is a crossing over Locust street at the west, or front, end of Mathis block, this crossing being maintained, as we understand the evidence, by the city authorities. No other permanent crossing exists over Locust street east of the last-named crossing, though the evidence tends to show that some persons at times use the short cut from the south side of the street toward the stairway in the rear of the Mathis block, there being located in the second story of that building the telephone exchange of appellant and a local newspaper.

The brick sidewalk is protected on the south side by curbing along its entire length; at no place along this curbing are there any planks laid crosswise over the curb so as to afford any convenience in getting up from the street onto the brick walk. Appellant maintains, and for some

years has maintained, a telephone pole which is located near the south edge of the brick walk and about nine feet west of the rear end of the Mathis block.

In order to hold this pole in position, two guy wires, connected with the top of the pole, are anchored in the ground east of the pole, and wires running into the ground within five or six inches of the south side of the brick walk. The east wire is sixteen feet from the foot of the pole and runs into the ground near the edge of the path where people make the short cut from the south side of Locust street to get to the stairway.

On the night in question, appellee, with four others, was walking west along the south side of Locust street, intending to go to the printing office located in the second story of the Mathis block. When they got to a point nearly opposite the stairway they all turned north and crossed the street; all passed by the guy wire in safety except appellee. The night was dark and it was raining. Appellee was carrying five or six bottles of beer in his arms. When he reached the place where the east guy wire was located he stumbled over it, fell to the ground, and in the fall one of the bottles was broken, thereby severing the tendon to the middle finger of the left hand. Appellee is a bridge carpenter, which trade he has followed for a number of years; the injury inflicted was a permanent one and of a serious character. A verdict for $1,400 was returned in favor of appellee, and the court rendered judgment on the verdict.

Many questions relative to the introduction of evidence, and instructions given and refused, have been discussed by both parties to the record; but in the view this case appears to us, it will not be necessary to pass upon such matters.

The declaration tacitly concedes the right of appellant to maintain its poles and wires somewhere in the street, although the record fails to show that appellant had a license from the city council for such purpose; the negligence complained of is that the guy wire was maintained to all intents and purposes in the pathway which had been

improvised from the south side of Locust street, and that therefore its location at the particular point constituted a negligent obstruction of a portion of the street where appellee had the right of passage.

Both the frame of the declaration and the course of the trial, show that the question litigated was not the right of appellant to maintain the pole and the wires at all, but the claimed negligence in maintaining the wire at a point where appellee might be injured thereby.   Appellee is therefore in no position to find fault with the fact that the record fails to show that a franchise had been granted by the city. Nolan v. King, 97 N. Y. 565;  Gridly v. City of Bloomington, 68 Ill. 47.

So far as the issues are concerned the pole and the wires had a right to be somewhere in the street.   There is no evidence that when the pole was placed in its present position and the guy wire was anchored thereto, there was any kind of a crossing at that place, permanent or temporary, or even that any person was at that time in the habit of crossing the street at that particular point.   The pole and the wire were not only rightfully in the street, but there was no negligence in their original location.   Under such circumstances appellant's duty thereafter related to the prudent and careful maintenance of its telephone lines, where they had been originally lawfully located.   Ward v. Atlantic and Pacific Telegraph Co., 71 N. Y. 81.

The negligence complained of, then, not relating to the original location of the pole and the wire, appellant can not be liable for the injury which happened, except upon the theory that it was the duty of appellant to notice and become acquainted with the fact, that subsequent to the erection of the pole and the wires connected therewith, travel had formed a pathway in the proximity of the wire, which fact might necessitate its removal for the protection of the public.   If the location of the pole and the wire had originated as an unlawful act, there might be some semblance of reason for such a contention.   Stephani v. Brown, 40 Ill. 428; Weick v. Lander, 75 Ill. 93.

The wire could become an obstruction only by the establishment of a passageway in the very place where such wire was already lawfully located. Whether express notice of the making of the passageway in proximity to the wire, brought home to appellant, would have laid on it a duty to remove the wire, without an order to that effect from the city authorities who have charge of the streets, it is not necessary at this time to decide; mere opportunity to know of such fact we deem to be wholly insufficient, when it is shown that the pole and the wire were lawfully located, without negligence in the first instance. Opportunity of knowledge is all that the evidence tends to bring home to appellant.

The pole and the wire were maintained for a lawful use; they were located clear of the brick sidewalk, and away from the traveled portion of the street, which was used as a driveway. The wire was necessary to hold the pole in its position; there was, so far as the evidence shows, no negligence in its original location. The injury happened, simply by reason of the fact that appellee attempted, in the darkness, to use a portion of the street which had already been taken possession of by appellant, by warrant of right.

For further views shedding light upon the matters in issue, see Village of Bureau Junction v. Long, 56 Ill. App. 458; DuBois v. City of Kingston, 102 N. Y. 219; Dougherty v. Village of Horseheads, 159 N. Y. 154; Roberts v. Wisconsin Telephone Co., 77 Wis. 589; Loberg v. Amherst, 87 Wis. 634.

Conceding all that the evidence tends to prove, we are unable to see wherein appellant is guilty of any negligence in the matters complained of, and therefore the judgment of the lower court is reversed without a remanding order.

**Finding of facts** to be incorporated in the judgment: The court finds that the injuries received by appellee were not caused by any negligence for which appellant is responsible, and that there is no evidence tending to support the negligence charged against appellant.