## City of Fairbury, Appellant, v. Harold Barnes, Appellee.

### Gen. No. 7,160.

1. . HIGHWAYS AND STREETS—*instruction in action by city for damage to lighting appurtenance in street.* In an action by a city to recover damages for the destruction of a lamp-post in a street intersection by collision of defendant's automobile therewith, it is error to instruct the jury to find for defendant if they believe from the evidence that the accident was merely accidental and that neither defendant nor the city was negligent, where there is no evidence to show that the damage resulted from mere accident and the evidence shows that the collision must have resulted from the negligence of either the defendant or the city.

2. INSTRUCTIONS—*effect of submitting to jury materiality of allegations.* An instruction is erroneous which requires the plaintiff to prove every "material allegation" and every "material point in issue" before it can recover, where the jury are not informed what are the material allegations and points at issue.

3. HIGHWAYS AND STREETS—*light appurtenance as street obstruction.* In an action by a city to recover damages for the destruction of a lamp-post which stood in the center of a street intersection, in a collision therewith by defendant's automobile, an instruction is erroneous which, in effect, leaves it to the jury to determine whether the city was negligent in constructing such lamp-post in the center of the intersection, where the post was so placed for traffic purposes and regulations and also for lighting purposes and the evidence shows that ample space was left on all sides of it for a reasonable use of the streets for travel and that the post was adequately lighted and visible at the time of the accident.

Appeal by plaintiff from the Circuit Court of Livingston county; the Hon. STEVENS R. BAKER, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed March 16, 1923.

E. A. SIMMONS, for appellant.

P. A. GIBBONS, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

The appellant, City of Fairbury, began this suit before a justice of the peace in the county of Livingston, to recover damages of Harold Barnes, appellee, on account of the breaking and destroying by him of an ornamental lighting post belonging to and in the custody and control of said appellant.

A judgment was rendered against appellee by the justice for $83.65 and costs of suit, from which appellee appealed to the circuit court.

A trial was had in the circuit court by a jury, and a verdict was returned finding for appellee. Appellant prosecutes this appeal to this court.

It appears that the appellant had adopted an ornamental street lighting system for the business section of the city, which consisted of iron posts about 11 feet in height being securely fastened in the streets, and on each post a globe inclosing an electric lamp of 400 candle power.

The evidence shows that the light in the intersection of Maple and Third streets, which is the one in question in this suit, brightly lighted the intersection of the street, and that it could be seen much further than either street extended. The post was set exactly in the center of the intersection of the two streets, each of which was 69 feet wide. On each side of each street was a cement walk with laterals on each corner extending out about 10 feet from the lot line. In the northeast corner of the intersection was a light pole and in the southwest corner a light pole and telephone pole. The width of Third street at the intersection, clear of all these corner obstructions, was 40 feet, being about 21½ feet on the east side of the lamp post and 18½ feet on the west side, though, of course, right

at the lamp-post there were no obstructions east or west on Maple street. Approaching the post from the north on Third street there was a beaten track, free from obstruction, 40 feet wide or about 20 feet on either side of the center. Diagonally from the northeast to the southwest the nearest obstructions to the lamp-post were the wooden light posts, each a distance of at least 25 feet from the lamp-post in the center. On a diagonal line from the northwest corner to the southeast corner there were no obstructions inside of the sidewalk lines.

Over the lamp-post in question hung another electric light, suspended on a chain, stretched diagonally from the northeast to the southwest and attached to the wooden light poles, above mentioned. This light hung a little to one side and above the center lamp-post. This center lamp-post, which was a part of the ornamental lighting system, was installed at this corner October 20, 1920.

At about 9 o'clock p. m. of October 28, 1920, appellee, Harold Barnes, driving a Ford touring car, ran into this ornamental post in the intersection of Third and Maple streets, breaking it into three pieces and completely destroying the post, globe and lamp. The evidence of appellant tended to show that the two lights at this intersection, the one on the lamp-post and the one suspended nearly above it, were burning at the time of the collision. The unsupported testimony of appellee was that the light on the lamp-post was not lit, but the suspended light was. The city demanded of Mr. Barnes that he pay for the destruction of the post, and upon his refusal sued him.

The evidence discloses that this post in question was installed October 20, 1920, and appellee ran into it and broke it down October 28, 1920. It further appears that prior to the installation other devices for traffic regulation and lighting had been in vogue. It is established by the evidence that appellee was ac-

quainted with the street and the situation at the point in question at the time of the collision.

There is a conflict in the evidence as to whether or not the lamp on the post in question was lit at the time the automobile came in contact with it. On a careful examination of this record it appears that this conflict is more imaginary than real. The light on this particular post was seen to be burning just a few minutes before the collision. It could not have been to exceed five minutes. Appellee claims the light on the post was not lit at the time he ran into it.

Although appellee claims the light was not burning on the post when he collided with it, yet he testified that after he came in contact with the object he got out of his car as quick as he could to see what he had hit.

Appellee, however, says that the light suspended across the streets at the point in controversy was burning.

At the time appellee ran over the post he was traveling at the rate of between 8 and 10 miles an hour.

In view of the facts as detailed herein, did the trial court commit error in the giving of instructions on the part of appellee and in refusing to give those offered by appellant that were by the court marked refused. The instructions complained of by appellant not being numbered, it is necessary to set them out in full in order that we may be able to point out the particular instructions which appellant insists are erroneous. The court gave on the part of appellee the following instruction: "You are further instructed that if the jury believe from the evidence that the alleged damage was merely accidental and that neither the plaintiff nor the defendant was negligent, then the jury should find the issues for the defendant." This instruction is erroneous because there is no evidence tending to show that the damage done was the result of a mere accident. The damage occasioned occurred because the appellee was negligent as charged or be-

cause the city failed in some respect to discharge its duty in the premises.

This instruction exonerates appellee from the use of any care at all in the use of the streets. It was misleading and calculated to prejudice the rights of appellant. The court on the part of appellee gave this instruction to the jury: "The court instructs the jury that the plaintiff, the City of Fairbury, must prove every material allegation in its claim by preponderance or a greater weight of evidence before it is entitled to recover, and, if after hearing all the evidence, you find that the plaintiff has failed to prove any material point in issue by a preponderance or a greater weight of the evidence, then you should find the issues for the defendant."

It will be observed that the first part of this instruction requires appellant to prove every material allegation in its claim without pointing out what the material allegations are. The jury are left to speculate as to what is material. In the concluding part of the instruction the jury were told that if the plaintiff has failed to prove any material point in issue then they should find the issues for the defendant. No instruction was given the jury defining the material allegations or the material points in issue.

It was error to give this instruction without informing the jury what were the material allegations and material points at issue.

At the suggestion of appellee the following instruction was also given: "You are further instructed that the City of Fairbury is bound by law to use ordinary reasonable care in the erection and maintenance of light posts in question so that persons may, with reasonable safety, drive over the streets either by day or by night, and if the jury believe from the evidence that the city was negligent in the performance of the duty so imposed upon it by law and that by reason of such negligence in that regard, the collision occurred and

that the defendant at the time of the collision was in the exercise of ordinary care and caution, then, and in such cases, the law makes the defendant not liable for the damages alleged to have accrued and you should find the issues for the defendant.''

This instruction is in effect a challenge of the right and the authority of appellant to install the lighting system in the streets of the city. It should be read in the light of the facts of the case. The post, the basis of this prosecution, placed at the intersection of Maple and Third streets served a dual purpose, that of dividing the street for traffic purposes and regulations, and for street lighting. It was not the province of the jury under the evidence to determine whether or not the post in question was an obstruction in the street. The appellant had the right and power to locate and maintain posts in the streets, when the same were to be used for the purposes for which this post was installed.

No absolute or iron-clad rule can be laid down with reference to what encroachments or obstructions upon the streets can be permitted by the municipality. The question by the great weight of authority always comes back to the point, are these obstructions or encroachments unreasonable and against the public interest? 3 McQuillin on Mun. Corp. sec. 1334.

A sidewalk in a city or village is a part of the public street, and it is as much the duty of the public authorities to keep it in good repair and protect it as it is the remainder of the street. In doing so they are permitted to plant stones or posts in the street, provided that they do not interfere with a reasonable use of the street by the public for travel. *Village of Bureau Junction v. Long,* 56 Ill. App. 458.

Under the power of exclusive control over streets, it is very well settled by the decisions of this court that the municipal authorities may do anything with or allow any use of streets which is not incompatible

with the ends for which streets are established. *City of Quincy v. Bull,* 106 Ill. 337, 349.

In general the local corporation has discretionary power to establish and open streets and public ways, fix their width, determine how much of that width shall be devoted to carriage way and how much to foot way or sidewalk, direct the planting of trees within the limits of streets and public grounds, decide where and how hitching posts shall be set, telegraph, telephone and electric wires and poles erected, and to make all necessary and desirable regulations which are reasonable and manifestly in the interest of public safety and convenience. 3 McQuillin on Mun. Cor. sec. 925.

In rendering an opinion in a case in which it was necessary to announce a rule that bears on the question involved in this cause, the Supreme Court of Connecticut, in the case of *Aaronson v. City of New Haven,* 94 Conn. 690, said: "But, irrespective of the allegations of this complaint, it cannot be said that a sufficiently conspicuous guidepost for traffic, placed at the intersection of two streets, makes the highway defective. We take judicial notice of the common use of such devices at such locations, and that they do serve a useful purpose in directing traffic and promoting obedience to the law."

In view of the conclusion we have reached as to the power of appellant over its streets, we hold that the instruction last above set out in this opinion is erroneous and did not announce a correct rule of law arising out of the facts in this suit.

The instruction given on motion of the court is too lengthy to be made a part of this opinion. The court of its own motion undertook to cover the law for both appellant and appellee. This instruction is involved, argumentative and should not have been given.

Complaint is made as to the refusal of the court to give certain instructions requested by the appellant.

We are not prepared to say that the court erred in such refusal.

Owing to the great number of automobiles in use, the crowded condition of traffic on the streets of the towns, villages and cities in this State is common knowledge to all. The public uses to which a city street may be applied cannot be limited by arbitrary rules, but must be extended to meet public wants and necessities. The installing of this post in question, and the system of which this post was a part, was to meet the public wants and necessities and to serve the public good. The placing of the lamp-post in the intersection of these two streets was the exercise of a discretion which is shown by the evidence to have been reasonable. In this way the light illuminated not only the intersection, but along the streets in four different directions. The post also served as a "silent policeman" and contributed to the safety of the traveling public by separating the traffic, which is a well-recognized measure of safety for street intersections in these days of automobiles. Abundance of space in each and every direction from the post, the testimony discloses, was left for a reasonable use of the street by the public for travel.

We conclude, therefore, that the judgment of the circuit court should be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*