## The City of Galena, Appellee, v. F. A. Altfillisch, Appellant.

### Gen. No. 7,763.

1. HIGHWAYS AND STREETS—*negligence in driving on icy street as jury question.* In an action by a city against a truck line owner for breaking a street light, the negligence of the truck driver in driving without chains on a street of the icy condition of which he had full knowledge and in trying to make stops thereon in doing which he slid his truck against the light, held a question for the jury.

2.  HIGHWAYS AND STREETS—*duty of city in regard to icy streets.* A city has no duty to remove from its streets ice and snow accumulated thereon by the elements, unless hillocks or ridges or other obstructions to travel are thus formed.

3.  HIGHWAYS AND STREETS—*city liability for placing street light.* A city, ordinarily holding the fee of its streets, can hardly be guilty of trespass in placing a street light nor liable for it as an obstruction unless a nuisance be shown.

4.  MUNICIPAL CORPORATIONS—*ordinance for street lights as not requiring repeal of one against street obstructions.* An ordinance providing for a city's installing ornamental street lights may be operative without in terms repealing a prior ordinance forbidding street obstructions.

5.  HIGHWAYS AND STREETS—*city's power to light.* Under Cahill's St. ch. 24, ¶ 65, subd. 11, cities and villages have the power to light their streets.

6.  HIGHWAYS AND STREETS—*when street lights not nuisances.* An ornamental street light, which was not out on the street where travelled and did not obstruct in any way the usual travel thereon, held not to constitute a nuisance.

7.  APPEAL AND REVIEW—*plat annexed to brief as not part of record.* A defendant's contention against a city's claim for damage from a broken street light, that the light was not properly located under the ordinance, as shown by the city plat, should have been presented at the trial by introducing the plat there and not by appending a copy to his appeal brief.

Appeal by defendant from the Circuit Court of Jo Daviess county; the Hon. HARRY EDWARDS, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed September 24, 1927.

QUENTIN H. BLEWETT, for appellant; PAUL KERZ, of counsel.

LOUIS A. NACK, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court.

Suit was instituted before a justice of the peace of Jo Daviess county by appellee against appellant to recover the cost of replacing a boulevard light, alleged to have been negligently struck and damaged by a truck owned by appellant and driven by his employee, one Joseph Keohler. On the trial before the justice

a finding and judgment was rendered against appellee. Appellee appealed said cause to the circuit court, where a verdict was returned and judgment was rendered in favor of appellee for $59.50. To reverse said judgment, this appeal is prosecuted.

It is first contended by appellant that the evidence fails to disclose any negligence on the part of appellant's driver for which said city is entitled to recover.

The record discloses that appellant was engaged in the trucking business, and that Keohler was in charge of the truck in question at the time of said alleged collision. Keohler testified on behalf of appellee that he had been driving a truck for five years, and had been driving for appellant about a year; that on February 5, 1926, he was driving along Main Street in the city of Galena, and was intending to make a stop at Altenberg's cream station. He testified:

"I was almost stopped and the hind end of my truck slid over on account of the ice on the street and I bumped the light and knocked it over. At that time the street was all ice out to the center of the street and I was pulling into the curb and when twelve inches away from the curb, I pulled in and stopped right on the ice which I would judge was three or four inches thick along there and I was practically stopped when the hind end of the truck slid over about two inches on to the light.

"The street had been in that condition pretty nearly all winter. I had been driving in there before. I had no chains on the truck. The truck was a ton and a half. I was practically unloaded."

The evidence with reference to how said collision occurred was confined to this witness. He was asked whether or not when he felt the truck slip, he applied his brakes, and answered: "I was practically stopped when my brake was on. I had reached down and pulled on the emergency brake when I felt the truck roll."

The ice in question having been on this street for a considerable length of time, and the driver of appellant's truck having had knowledge with reference thereto, it was a question of fact for the jury as to whether, under the conditions there shown, it was negligent to operate said truck and undertake to make stops along the curb without chains. We would not be warranted in holding that the verdict of the jury on this issue was against the manifest weight of the evidence.

It is next contended by appellant that appellee city was negligent in permitting the ice to accumulate on said street. No authority is cited in support of this contention, and we are satisfied that none can be found.

It is not the duty of a city to remove from its streets ice or snow which may have accumulated thereon by the action of the elements, unless it be shown that such ice or snow was piled up in the street in such a way as to constitute an obstruction to the travel thereon, as where ice or snow has accumulated into ridges or hillocks. *City of Chicago v. McGiven*, 78 Ill. 347–352; *City of Quincy v. Barker*, 81 Ill. 300–304; *Mareck v. City of Chicago*, 89 Ill. App. 358–359; *City of Chicago v. McDonald*, 111 Ill. App. 436–439; *Eppley v. City of Chicago*, 221 Ill. App. 111–113. The above-mentioned cases, with the exception of *Eppley v. City of Chicago, supra,* are sidewalk cases, but the rule laid down in those cases would apply with equal or greater force in favor of a city where the condition complained of was in the portion of the street used for vehicles.

It is next contended by appellant that the city was a trespasser in installing along Main Street a system of ornamental lights, one of which was the light here in question. This contention is based on a certain ordinance passed by said city on June 6, 1916, which provided that "no person shall hereafter build, construct or maintain any awning, shed, porch, building or other structure or purpresture, which is made or composed

of wood, iron, cement or other inflexible material, upon, over or across any street, alley, sidewalk which may in any manner interfere with or obstruct the travel or traffic of any street, alley or sidewalk.''

The fee of the streets of a city is ordinarily in the city, so it can hardly be that a city is guilty of trespass as to its own streets. The location of the ornamental light in question, even if it should be held to be an obstruction to the travel in said street, would at most constitute a nuisance.

An ordinance was offered in evidence by appellee, passed in 1925, which provided for the installation of a system of ornamental lights, which included the light in question. Said ordinance did not in terms repeal the provisions of the ordinance of June 6, 1916, but this was not necessary.

Cahill's St. ch. 24, ¶ 65, subd. 11, specifically gives to cities and villages the power to light their streets. See also *City of Quincy v. Bull,* 106 Ill. 337–349, and *City of Fairbury v. Barnes,* 228 Ill. App. 389–394. It will also be observed that the ordinance of 1916 only limits such constructions as ''may in any manner interfere with or obstruct the travel or traffic of any street, alley or sidewalk.''

While it is true that cities and villages have no right to place obstructions in their streets which will interfere with the ordinary and usual use of the same by the traveling public, there is nothing in this evidence to show that said ornamental light was out in the traveled portion of the street, or that its location would in any way interfere with or obstruct the ordinary and usual travel on said street. We are of the opinion and hold that said light as located did not constitute a nuisance.

Some contention is made by counsel for appellant that the ordinance establishing the lighting system in question failed to properly designate the place where said lights should be located, but there is no evidence

in the record to sustain appellant in this contention. No plat was offered in evidence showing the location of said streets, and while appellant attaches to his reply brief what purports to be a photographic copy of the plat of said city, it needs no citation of authority to the effect that a reviewing court would have no right to consider a plat so attempted to be brought into the record.

No complaint is made of the ruling of the court on the instructions, and it is not contended that the verdict and judgment are excessive.

Other errors were assigned on the record, but were not argued, and are therefore under our rules taken as waived.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*