People of State of Illinois ex rel. Ezra P. Magoon, Appellant, v. City of Rockford and Kelley-Williamson Company, Appellees.

Gen. No. 10,386.

Opinion filed January 10, 1950. Rehearing denied May 2, 1950. Released for publication May 5, 1950.

JOHN R. SNIVELY, of Rockford, for appellant.

CHARLES S. THOMAS and LATHROP, BROWN & CONNOLLY, all of Rockford, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The People of the State of Illinois on the relation of Ezra P. Magoon filed a petition for mandamus in the circuit court of Winnebago county, to compel the City of Rockford and Kelley-Williamson Company, a corporation, to remove, or cause to be removed from Elm street (a public street in said city), gasoline tanks, pumps and concrete base, posts or poles together with the advertising signs and electric lights thereon, and the automobiles of the customers of the last-named defendant.

The complaint charges, "that the defendant, Kelley-Williamson Company, a corporation, appropriated a portion or part of said street to its own use several years ago, that thereupon it installed several gasoline tanks underground in said street, that it constructed a concrete base approximately fifteen feet long, two feet wide and six inches high, and extending approximately twelve feet in said street, upon which concrete base it erected several gasoline pumps for the retail sale of gasoline, that by means of said pumps gasoline is forced from said tanks into the tanks of the automobiles of some of its customers, that it erected several posts or poles in said street, that upon said posts or poles it placed certain advertising signs relative to Mobilgas, Mobiloil and parking and also electric lights, which electric lights illuminate said advertising signs, street and land adjacent thereto which is used and occupied by said defendant as a parking lot, that it parks a portion or part of the length of the automobiles of some of its customers in said street, and that it has so used and occupied said portion or part of said street for its own private gain.

"That such encroachments and obstructions by said defendant are permanent and constitute a purpresture and public nuisance.

"That it was and is the duty of the defendants to remove or cause to be removed said encroachments and obstructions from said street, and that unless the

same are removed the public will continue to be deprived of the free, unobstructed, uninterrupted and unimpeded use of said street.''

Separate answers were filed by the City of Rockford and Kelley-Williamson Company, in which each admit that there is a gasoline tank under the ground of the surface of the street, and that there is an electric sign above the street, but deny that either is an obstruction in any way, or interferes with the normal use of the street. The case was tried upon a stipulation of fact and the court found that the petitioner was not entitled to a writ of mandamus, and that the gasoline tank under the street, and the sign over it did not obstruct, or interfere with the normal use of the street. It is from this order that the appeal is prosecuted to this court.

It is conceded by both the appellant and appellees that the writ of mandamus is a summary writ and an extraordinary remedy, and one petitioning for such writ must show a clear and undoubted right to the relief he asks. The appellant has cited several cases which he claims support his contention that the court erred in this case in not granting the relief that he prayed for. In the case of *People ex rel. Lapice v. Wolper,* 350 Ill. 461, the question involved in this suit is whether the City of Chicago could by ordinance permit the erection of curb gasoline pumps for private gain on a public street. The court held that they could not, because it is clearly an obstruction to the street. In the case of *People v. Corn Products Refining Co.,* 286 Ill. 226, involves an ordinance passed by the City of Granite City, Illinois, granting the Corn Products Company the right to build an overhead bridge across a public street to connect its buildings. The court there held that the bridge was a permanent structure and a clear violation of law. The case of *People ex rel. Faulkner v. Harris,* 203 Ill. 272, also involves an ordinance of the city granting permission to erect a bay

window extending from the property line over the street. The court there held this was a permanent structure, and was in violation of the law. The case of *Hibbard, Spencer, Bartlett & Co. v. City of Chicago,* 173 Ill. 91, involves the erection of a permanent awning. In *Gerstley v. Globe Wernicke Co.,* 340 Ill. 270, this case involves a question whether the Globe Wernicke Company could erect a bridge across a public alley joining its two buildings. The court there also held this was a permanent structure, and was unlawful. It will be observed from an examination of all of these cases that the obstruction to the street or alley was of a permanent nature, and we must keep this in mind and what the court says in regard to the law relative to such cases.

 This court had before it a similar matter in the case of *City of Fairbury v. Barnes,* 228 Ill. App. 389, and we there use this language, which is applicable to the case at bar: ''No absolute or iron-clad rule can be laid down with reference to what encroachments or obstructions upon the streets can be permitted by the municipality. The question by the great weight of authority always comes back to the point, are these obstructions or encroachments unreasonable and against the public interest?'' Perhaps the leading case on the subject of what is not an obstruction to a street is *People ex rel. Mather v. Marshall Field & Co.,* 266 Ill. 609. The City of Chicago had passed an ordinance permitting Marshall Field and Company to build a tunnel under Washington street, to connect two buildings, which they were occupying as storerooms in the City of Chicago. The state's attorney filed a petition in the circuit court of Cook county to enjoin Marshall Field and Company from the use and occupations of the passageway under Washington street in the City of Chicago, and asked to have the ordinance passed by the city granting Marshall Field and Company's use of this tunnel to be declared null and void. It was con-

ceded that the use that Marshall Field and Company was making of the tunnel beneath Washington street did not interfere in any way with the normal traffic over the same. The court there held that the city had a right to grant permission to Marshall Field and Company to use this tunnel. In the opinion, the court uses this language: ''Under the authorities cited, the conclusion must be reached that a municipality has the power to permit the owners of adjacent property to use the space beneath the surface of the street, even when the city owns the fee, in any manner not inconsistent with the public necessity for street purposes. . . . In every case, we think, relied on by counsel for appellant the encroachment upon the street was of a permanent nature and for a fixed time,—usually for a long term of years,—and not, as here, under conditions where the encroachment in the street could be removed at any time if the municipal authorities so desired. Under the authorities in this as well as other jurisdictions, if the sub-surface of the street is needed by the public for travel or other public uses, the mere fact that such public use will deprive abutters of the use of vaults and other similar underground structures in the street theretofore maintained, cannot stand in the way of the construction of sewers or subways. 'Abutters are bound to withdraw from the occupation of streets above or below the surface whenever the public needs the occupied space for travel.' ''

In the case of *Sears v. City of Chicago*, 247 Ill. 204, it is there held that, in Illinois a city has power to allow any use of its streets which is not inconsistent with the public objects for which they are held, and it may regulate such use and fix a reasonable compensation to be paid for the same.

In *City of Elmhurst v. Buettgen*, 394 Ill. 248, it is held that, an abutting property owner has the right, for the convenience of his property, to make all proper and reasonable use of the sidewalk and street not

inconsistent with the paramount right of the public. To the same effect is *Kane v. City of Chicago*, 384 Ill. 361.

 The facts in this case show that the sign complained of is twelve feet above the surface of the street, and there is no contention that it has interfered in any way with the normal traffic of the street. It is conceded that the gas tank, while in the street proper, is constructed in such a way that it does not interfere in any way with the normal traffic of the street. It is our conclusion that the trial court properly found that the petitioner was not entitled to a writ of mandamus ° to have the same removed. As before stated, it is incumbent upon the petitioner to show that he had a clear right to this writ, and whether the defendant, Kelley-Williamson Company was operating under a lease from the city, is not shown, but we do know that the City of Rockford is not complaining about an obstruction to the street, as they have been made a party defendant to the suit, and deny that there is any obstruction to the same.

 In regard to the automobiles being parked in the street, we think the trial court properly found that he had no jurisdiction relative to this matter, and on the whole we find that the order appealed from should be affirmed.

*Affirmed.*